[Civ. No. 4113. Second Appellate District, Division One.—September 5, 1923.]

PETER L. FERRY, Respondent, v. WILLIAM O'BRIEN et al., Defendants; WINIFRED F. MARR, Appellant.

[1] APPEAL—COST BILL—ORDER STRIKING OUT AND GRANTING LEAVE TO FILE NEW ONE AND VACATING JUDGMENT—ORDER REFUSING TO VACATE ORDER STRIKING OUT, ETC.—APPEALABILITY OF ORDERS.— An order striking out a respondent's memorandum of costs and granting respondent leave to file a new memorandum of costs and setting aside the judgment for costs entered upon the memorandum ordered stricken out is an appealable order, but an order refusing to vacate such appealable order is not appealable.

[2] COSTS—ORDER STRIKING OUT COST BILL, ETC.—APPEAL—HEARING OF MOTION—PRESUMPTION.—On an appeal from an order granting respondent's motion to strike out his memorandum of costs and for leave to file a new memorandum of costs, it will be presumed that such order was made only after a legal hearing of the motion upon which it was based; and this presumption is sufficient to sustain the order unless a satisfactory showing is made on appeal that the lower court granted the same without a legal hearing of respondent's motion.

[3] ID.—MOTION—HEARING—EVIDENCE.—On this appeal from an order granting respondent's motion to strike out his memorandum of costs and for leave to file a new memorandum of costs, and vacating the judgment for costs entered upon the memorandum ordered stricken out, the evidence sufficiently shows that such order was made upon a legal hearing of respondent's motion.

[4] ID.—TERMS—DEMAND ON APPEAL—WAIVER.—A demand by appellant that respondent's motion to strike out his first memorandum of costs and for leave to file a new one and to vacate the judgment entered on the first memorandum should have been granted only upon the imposition of such terms as might be just, comes too late when made for the first time on appeal.

[5] ID.—FILING OF COST BILL ON APPEAL—TIME.—The time within which a respondent may file a new memorandum of costs on appeal under an order granting him leave to do so, which order does not attempt to extend the time within which he may file the new cost bill, is thirty days after the *remittitur* is filed with the clerk of the superior court.

[6] ID.—ORDER GRANTING MOTION—EFFECTIVE DATE.—An order granting a respondent's motion to strike out his cost bill and for leave to file a new one and to vacate the judgment entered upon the one stricken out, becomes effective the day of its date and not the day of its filing.

[7] ID.—FAILURE TO FILE BILL — WAIVER. — A party entitled to costs on appeal waives all claim thereto if he fails to file his cost bill within time.

[8] ID. — DEFAULT—INADVERTENCE AND MISTAKE—EVIDENCE.—On this appeal from an order granting respondent's motion to strike out his memorandum of costs and for leave to file a new memorandum of costs, and vacating the judgment for costs entered upon the memorandum ordered stricken out, the facts set forth in the affidavit of respondent's counsel in support of his motion presented a case of inadvertence and mistake, entitling respondent to relief under section 473 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Los Angeles County granting motions to strike out cost bill and to file new one, to vacate judgment entered upon first bill, and also from an order refusing to vacate the order granting said motions. Charles S. Crail, Judge. Appeal from order granting motions affirmed; other appeal dismissed.

The facts are stated in the opinion of the court.

Winifred F. Marr, *in pro. per.,* for Appellant.

Hartley Shaw for Respondent.

CURTIS, J.—Upon a former appeal of this action the judgment was affirmed and respondent was awarded his costs. The *remittitur* was filed with the clerk of the trial

court May 17, 1922. On May 19th respondent filed with the clerk of said court his memorandum of costs and disbursements, amounting to $29.50. On May 26, 1922, respondent gave notice that he would, on June 2, 1922, move the court for leave to file a new and further memorandum of costs and disbursements, on the ground that the former one served and filed by him was, by reason of inadvertence and mistake on the part of respondent, incorrectly drawn, and that the items therein were not correct. With this notice of motion respondent served a new memorandum of costs and disbursements, together with the affidavit of his attorney setting forth certain facts which he relied upon as constituting inadvertence and mistake on his part. The only difference between the two memorandums of costs was in the two items for printing the petition for rehearing in the district court of appeal and printing the petition for rehearing in the supreme court. The amount of these items as given in the first cost bill was $13.50, and in the second cost bill filed was $71.80. In the affidavit of respondent's counsel, accompanying his notice of motion, it was stated that besides the present action there was another action pending in said court entitled "Peter L. Ferry vs. Winifred F. Marr"; that the two actions were tried together, and on appeal were heard at the same time in the supreme court, and that the decisions of the supreme court affirming the judgments in said actions in favor of the respondent were made on the same day; that the items to be inserted in each of said cost bills were the same, except as to the amounts thereof; that the items for printing the petitions for rehearing in the district court of appeal and the supreme court were interchanged, and those items which should have been included in the cost bill in the present case were omitted therefrom, and those in the case of Ferry vs. Marr erroneously inserted therein.

Before said motion came on for hearing respondent gave notice of a second motion to vacate and set aside the judgment for costs on appeal, amounting to $29.50, which had theretofore been entered by the clerk, on the ground that said judgment had been taken and entered for a less amount than the costs actually due respondent by reason of the inadvertence and mistake of respondent. This motion was noticed for hearing for June 14, 1922. After various con-

tinuances of these motions, the court on June 16, 1922, made and signed an order striking out respondent's memorandum of costs and granting respondent leave to file a new memorandum of costs and setting aside the judgment for costs amounting to $29.50 entered by the clerk upon the first memorandum of costs. On July 6, 1922, appellant made a motion, after due notice to respondent, to vacate this order, which last-named motion was denied by the court. Appellant now appeals both from the order made and signed June 16, 1922, and the order refusing to vacate the same made July 6, 1922.

[1] The order of June 16th having been made after judgment, is appealable. (Code Civ. Proc., sec. 963.) The order of July 6, 1922, being simply an order refusing to vacate the order of June 16, 1922, is not appealable. (*Henly* v. *Hastings,* 3 Cal. 341; *Harper* v. *Hildreth,* 99 Cal. 265 [33 Pac. 1103]; *Doyle* v. *Republic Life Ins. Co.,* 125 Cal. 15 [57 Pac. 667]; *Smith* v. *Questa,* 58 Cal. App. 1 [207 Pac. 1036]; *Reynolds* v. *Reynolds,* 191 Cal. ―― [216 Pac 619].) The appeal, therefore, from the order of July 6th should be dismissed.

The appeal from the order of June 16, 1922, is the only matter that we can consider, and on the hearing of this appeal we must confine ourselves to those portions of the transcript on appeal which apply to the appeal from this order of June 16th. This will preclude us from considering the affidavit of Winifred F. Marr filed July 5, 1922, and used on her motion to set aside the order of June 16th. It was not before the court on said last-named date and has no place in the record on appeal from the order of June 16th.

[2] Appellant's first objection to the order of June 16th is that it was made without any hearing of respondent's motion to strike out the first memorandum of costs and for leave to file a new memorandum of costs. This order is presumed to have been made only after a legal hearing of the motion upon which it is based. This presumption is sufficient to sustain the order unless a satisfactory showing is made to this court that the lower court granted the same without a legal hearing of respondent's motion. No such showing has been made. The order itself recites that it was given "on motion of the plaintiff made after due

service of notice thereof on the defendant Winifred F. Marr.'' The minutes of the court of June 16th are as follows: "On hearing of motion of plaintiff to strike out cost bill and retax costs, Hartley Shaw appearing as counsel for plaintiff, and Winifred F. Marr appearing *in propria persona,* order signed.'' There is nothing in this recital in the judgment, nor in this minute entry, to indicate that the court granted the order without the necessary preliminary hearing, but, on the other hand, both the recital and the minute entry tend to support the regularity of the order. Even in the affidavit of Winifred F. Marr, which, as we have before observed, is not properly before the court on this hearing, we do not find anything that would justify this court in declaring the order invalid for failure of the court, granting the same, to hold a proper hearing of said motion. It appears from said affidavit that the two motions of respondent, one to set aside the memorandum of costs already filed and to permit the filing of a new one in its place, and the other to set aside and vacate the judgment for costs amounting to $29.50, came on for hearing at the same time. The court indicated that it would hear first the motion to strike out and vacate the judgment. Upon the hearing of this motion the appellant was present and opposed the granting of the same. She introduced evidence and both she and the attorney for the respondent argued the matter before the court. This motion was based upon the same affidavit upon which respondent based his motion to strike out the first memorandum of costs and for permission to file a new memorandum of costs. The grounds relied upon by the respondent were the same in each motion—inadvertence and mistake in preparing the first memorandum of costs. The facts relied upon by respondent to show this inadvertence and mistake were the same in each proceeding. By her own affidavit appellant has shown that she offered no valid defense to the granting of the motion to vacate the judgment, nor does she show in this affidavit or otherwise that any facts existed or did exist at the time of said hearing which would constitute a defense to the granting of the motion to strike out the first memorandum of costs filed. [3] We are satisfied that the court considered that both motions were before it at the time of said hearing and were submitted upon the evidence and

argument produced at that time, and we are also satisfied that the lower court was justified in arriving at such a conclusion. We, therefore, cannot agree with appellant's contention that said motion was granted without a hearing upon the same.

[4] As to appellant's contention that the court should have granted said motion, if at all, only upon the imposition of such terms as might be just, it is sufficient to say that appellant not only failed to make any showing before the lower court that would authorize the court to impose terms as a condition upon which said motion would be granted, but the record clearly shows that she never intimated to the court that terms should be imposed upon the granting of said motion. Such demand comes too late when made for the first time in this court.

Appellant insists that respondent's remedy was by a motion for leave to amend his memorandum of costs, rather than by a motion to strike out his first memorandum of costs and for leave to file a new one. As conceded by respondent's counsel, the proceeding by motion to amend might have been the better practice, but our attention has not been called to any authority holding that the practice followed in this instance was not permissible. Practically the same results would be accomplished by following either proceeding. It is not shown that appellant has sustained any injury by the adoption of the practice pursued. The only suggestion made by her, whereby she claims to have sustained damage, is that there is no limit in the order as to the time within which respondent may file his new memorandum of costs, and that respondent may by his failure to file his new memorandum of costs continue a cloud upon appellant's property until the time when the judgment ceases to be a lien upon her real property, which would be five years from the date of the docketing of the judgment. [5] As to this suggestion, we think appellant is in error. The order does not attempt to extend the time within which respondent may file his memorandum of costs on appeal, which, by section 1034 of the Code of Civil Procedure, is thirty days after the *remittitur* is filed with the clerk of the superior court. As we have already seen, the *remittitur* in this case was filed May 17, 1922. Therefore, respondent's last day within which to

file his memorandum of costs would be June 16, 1922, the date of the order appealed from. Appellant refers to the order both in her notice of appeal and in her brief as of date June 17, 1922. The order was granted and signed on June 16th, but not filed until June 17th. **[6]** It became effective the day of its date and not the day of its filing. (*Fresno Estate Co.* v. *Fiske,* 172 Cal. 583, 597 [157 Pac. 1127].) June 16th, the date of the order, was the last day under the statute within which respondent could file his memorandum of costs. **[7]** By failure to file his memorandum of costs within this time, if he did so fail, he waives all claim for costs. (*Riddell* v. *Harrell,* 71 Cal. 254, 261 [12 Pac. 67]; *Galindo* v. *Roach,* 130 Cal. 389 [62 Pac. 597].)

**[8]** The facts set forth in the affidavit of respondent's counsel and filed with his motion to strike out the first memorandum of costs and for permission to file a new memorandum of costs presented a case of inadvertence and mistake, entitling respondent to relief under section 473 of the Code of Civil Procedure. (*Watson* v. *San Francisco etc. R. R. Co.,* 41 Cal. 17; *O'Brien* v. *Leach,* 139 Cal. 220 [96 Am. St. Rep. 105, 72 Pac 1004]; *Vinson* v. *Los Angeles Pac. R. R. Co.,* 147 Cal. 479 [82 Pac. 53]; *Haviland* v. *Southern California Edison Co.,* 172 Cal. 605 [158 Pac. 328].)

The appeal from the order of July 6, 1922, is dismissed, and the order of June 16th is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 1, 1923.

All the Justices concurred.