[Civ. No. 16391.   Second Dist., Div. Two.   July 28, 1948.]

RUTH ISABELLE COPPRELL, Appellant, v. CHARLES I. COPPRELL, Respondent.

Newby, Holder & Newby for Appellant.

Brennan & Cornell for Respondent.

WILSON, J.—This is an action for annulment of marriage. Plaintiff appeals (1) from the paragraph of the judgment which adjudges that plaintiff had made a valid oral gift to defendant of a joint tenancy bank account prior to the commencement of the action, and (2) from an order denying plaintiff's motion made pursuant to section 663 of the Code of Civil Procedure to vacate that paragraph and to enter judgment in her favor for the amount in the account.

6

■ Plaintiff contends that the evidence does not sustain the finding of fact that she made an oral gift of her right, title and interest in the bank account. Defendant was inducted into the armed forces of the United States about September 1, 1942. Pursuant to his direction monthly allowances were sent to plaintiff as his dependent wife in checks for $50 each payable to her. The checks were deposited by her in their joint tenancy account which was opened on February 2, 1943. A passbook was issued to the joint tenants and was kept by plaintiff until December, 1945. In September, 1945, after defendant had returned from overseas, the parties had a conversation about the account. Defendant testified that plaintiff handed him the passbook and said ''Here is your money, it is all here;'' that he handed it back to her and said ''You keep it until I get out of the army. I have no place to keep it in the army.'' He further testified that in December, 1945, after he had been discharged from the Army, they had another conversation during the course of which he said, ''I asked her for the book, and she gave it to me.'' This evidence sustains the finding and judgment that plaintiff made an oral gift of the bank account to defendant, notwithstanding her denial that she told him he could have the book.

■ In ascertaining the validity of a gift the intent with which delivery was made is an important and essential element to be considered. ■ Intention is a question of fact to be determined by the trial court from all the evidence, and the circumstances of the transaction and the words and acts of the donor enter into the establishment of the fact. (*Mellor v. Bank of Willows,* 173 Cal. 454, 458 [160 P. 567]; *Union Mutual Life Ins. Co.* v. *Broderick,* 196 Cal. 497, 503 [238 P. 1034]; *Estate of Hall,* 154 Cal. 527, 532 [98 P. 269].) ■ As in any other case where the decision of the trial court is sustained by substantial evidence, the findings will not be disturbed on appeal although different conclusions may reasonably be drawn from the evidence by different minds.

■ There was only one passbook. The testimony of an officer of the bank was that the presentation of the passbook was the only means by which money could be withdrawn from the account unless both parties signed an affidavit that the passbook had been lost or destroyed. Since the passbook was the only means by which possession of the money in the bank could be obtained the delivery of the book to defendant in the circumstances shown by the evidence, as construed by the trier of facts, constituted a gift of the funds repre-

sented by the passbook. (Civ. Code., §§ 1146, 1147, 1148.\*) The return of the book by defendant to plaintiff in September, 1945, for safekeeping while he remained in the Army did not amount to a gift to plaintiff, nor was it a revocation of the gift by her to defendant.

Plaintiff contends that the deposit in the joint tenancy account raised a presumption of equality of interest, citing *Wallace* v. *Riley*, 23 Cal.App.2d 654 [74 P.2d 807]. This case holds (p. 663) that while upon the death of one of the depositors the whole fund remains in the survivor as his sole and exclusive property, nevertheless during the joint lives of the parties the form of deposit is not conclusive on the subject of ownership in joint tenancy and "if there is proof of some special agreement between them at variance with the legal presumption of equality, their rights and interests will then be fixed in accordance with their own agreement." (To same effect *Wallace* v. *Riley*, 23 Cal.App.2d 669, 676 [74 P.2d 807].) During the lifetime of both depositors they may establish the actual facts relating to the account, and either has the right to bring an action in respect thereto. (*Hill* v. *Badeljy*, 107 Cal.App. 598 [290 P. 637], 604; *Spear* v. *Farwell*, 5 Cal.App.2d 111, 113 [42 P.2d 391].)

The fact that the Pay and Allowances Act prohibits the assignment of monthly family allowances ([56 Stats. 385], 37 U.S.C.A. (1947 Supp.), § 215, p. 79) does not militate against the judgment. The gift in this case did not amount to such an assignment as is contemplated by that act.

Furthermore, the fact that the allowances had not been used by plaintiff but had been regularly deposited in the bank and had been allowed to accumulate to more than $1,800, and plaintiff's statement "Here is your money, it is all here," is an indication at least that there had been some kind of agreement between the parties that the money would be retained for defendant until his discharge from the Army.

The contention of plaintiff that defendant became a trustee for her is based on the finding that he withdrew the entire amount from the bank without her knowledge. This

---

\*Section 1146. "A gift is a transfer of personal property made voluntarily, and without consideration."

Section 1147. "A verbal gift is not valid, unless the means of obtaining possession and control of the thing are given, nor, if it is capable of delivery, unless there is an actual or symbolical delivery of the thing to the donee."

Section 1148. "A gift, other than a gift in view of death, cannot be revoked by the giver."

point is unavailable in view of the finding that plaintiff made a gift of the fund to defendant. Since plaintiff had given the deposit to defendant it was his money and he had a right to withdraw it without consulting her. There is no inconsistency between the finding as to the gift and the finding that the money was withdrawn without plaintiff's knowledge.

The foregoing statement of the evidence and of the applicable law disposes of plaintiff's motion under section 663 of the Code of Civil Procedure to enter a judgment in her favor. Since the judgment as entered is sustained by the findings and the evidence there was no occasion to enter a different judgment.

The judgment and the order appealed from are affirmed.

Moore, P. J., and McComb, J., concurred.