[Civ. No. 8245. Third Dist. May 6, 1953.]

ELLA E. HARROLD, Appellant, v. ELLSWORTH HARROLD, Respondent.

David Livingston, Louis F. Di Resta and Wilke & Fleury for Appellant.

Devlin, Diepenbrock & Wulff for Respondent.

JONES, J. pro tem.—This appeal is by the wife in an action for divorce and is from an order denying her motion for an allowance for costs and attorney's fees on appeal. The parties were married on November 26, 1936, each having been married before. They first separated in 1944. In the following year they entered into a separation agreement by

which all property rights and reciprocal claims arising out of the marriage were settled between them. In accordance with the terms of this agreement the defendant transferred and assigned to the wife cash and other assets in excess of $100,000. In September of 1945, the parties became reconciled and resumed marital relations, plaintiff keeping as her own the property obtained under the property settlement agreement and the income therefrom.

In March, 1948, the parties again separated, with the wife suing for divorce. She was awarded a decree and allowed $2,000 for attorney's fees and $400 per month for her own support for a period of five years. In making a division of the community property the decree of divorce failed to take into account the earnings of the defendant subsequent to July 31, 1948. Upon the wife's appeal the interlocutory judgment of divorce was affirmed except as to the division of these community earnings. This single issue was remanded back to the trial court for determination. As costs upon the appeal from the interlocutory decree the wife was allowed the sum of $383.65. To meet the expense of the trial of the remanded issue the court made her a further allowance of $500.

Upon the trial of the remanded issue the community earnings were computed to November 1, 1951, the first date on which the final decree might be entered, and out of these earnings, which the court found to be $88,224, she was awarded $45,112. In addition, she continued to receive the $400 per month for support awarded her under the interlocutory decree. The judgment entered on the remanded issue provided that each of the parties should pay "his or her own remaining court costs and counsel fees," and "his or her own share of State and Federal income taxes covering community earnings." Mrs. Harrold appealed from the whole of this decree, and the husband from that part of it which awards the wife the sum of $45,112. It is on account of this appeal and cross-appeal that she has moved for an allowance of additional costs and counsel fees.

■ The sole ground urged for reversal of the order is that the court abused its discretion in denying the motion. It is recognized by appellant that the granting or rejection of the request of a wife for costs and attorney's fees on appeal is a matter which lies within the sound discretion of the court. (*Leupe* v. *Leupe*, 21 Cal.2d 145, 152 [130 P.2d 697].) But it is contended that in this instance this discretion has been abused. Our view is to the contrary.

The numerous allowances previously made on account of attorney's fees and costs considered in connection with settlement made between the parties upon their first separation affords a solid foundation in support of the conclusion of the trial court that a further allowance was not necessary in order to enable appellant to meet expenses of the last appeal. As is said in *Kellett* v. *Kellett*, 2 Cal.2d 45, 49-50 [39 P.2d 203], ''The matter was so wholly in the discretion of the trial court that in order to set aside its order refusing the application a very strong case must be made out in favor of the plaintiff.'' The showing made by the wife here falls far short of this requirement.

In commenting upon a state of facts similar in many respects to the situation here presented the court in *Comey* v. *Comey*, 8 Cal.2d 453, 454 [66 P.2d 148] said: ''. . . the showing made in the counteraffidavits, considered in connection with the history of the three prior appeals, affords ample support for the conclusion that the court below exercised a sound discretion in making its order denying plaintiff's application.'' So it may be said that in this case the previous generous settlements and allowances made to the wife afford ample support for the conclusion of the trial court that no need existed for any additional allowance.

The order appealed from is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied May 29, 1953.