[Civ. No. 19712.   Second Dist., Div. Two.   Oct. 19, 1954.]

JUDITH KELLY HOWARD, Respondent, v. LINDSAY COLEMAN HOWARD, Appellant.

Neil S. McCarthy and Franklin W. Peck for Appellant.

Edward M. Raskin for Respondent.

McCOMB, J.—Defendant appeals from certain portions of an interlocutory decree of divorce granted to plaintiff.

*Questions*: First: *Did the trial court err in finding that property known as 1134 San Ysidro Drive, Beverly Hills, California, was purchased by plaintiff with $45,000 which was a gift from defendant to her?*

*No.* The trial court found as follows:

"That the following assets are the sole and separate property of the Plaintiff:

"2. That certain real property commonly known and designated as 1134 San Ysidro Drive, Beverly Hills, California, as more specifically described in the Conclusions of Law hereinafter appearing and in the decree made and entered pursuant to these Findings.

"That said real property was acquired and purchased by plaintiff with the sum of Forty-five Thousand ($45,000.00) Dollars acquired as a gift by plaintiff from defendant Lindsay Coleman Howard, That it is untrue that plaintiff and cross-defendant is indebted to defendant and cross-complainant in the sum of Forty-five Thousand ($45,000.00) Dollars, or in any other sum, or at all, as a loan or otherwise, and it is untrue that said defendant and cross-complainant has any lien of any kind upon said real property either in the amount

of Forty-five Thousand ($45,000.00) Dollars, or in any other sum, or at all, either as a loan, or otherwise, or at all.''

Plaintiff testified that the above described property was purchased by her "out of the money he [defendant] gave me to buy the house with." Further, in answer to this question, "And where did you get the money with which to acquire this piece of real property?" she answered, "My husband gave it to me." She also testified with reference to the money that she used to purchase the house that she told her husband she could never pay it back and he said "I don't mean for you to pay it back; I want it to look like you are paying it back to me." Clearly this evidence sustains the trial court's finding that defendant gave plaintiff the money with which she purchased the property, which in effect supports the trial court's finding that it was her sole and separate property.

It would serve no useful purpose to reiterate the oft announced rule that such evidence is sufficient and binding upon an appellate court. (See *Washington* v. *Washington*, 91 Cal.App.2d 182, 183 [1] et seq. [204 P.2d 386]; *Berniker* v. *Berniker*, 30 Cal.2d 439, 443 et seq. [182 P.2d 557]; *Larson* v. *Thoresen*, 116 Cal.App.2d 790, 797 [254 P.2d 656]; *Copprell* v. *Copprell*, 87 Cal.App.2d 4, 6 [3] [195 P.2d 868]; *Walker* v. *Walker*, 108 Cal.App.2d 605, 608 [4] [239 P.2d 106].)

Second: *Did the trial court abuse its discretion in awarding plaintiff an attorney's fee of $15,690?*

No. ■ Abuse of discretion is never presumed. It must be affirmatively established. ■ A reviewing court is not authorized to revise the lower court's judgment even if it should be of the opinion that it would have made a different award had the matter been submitted to its judgment in the first instance, in the absence of a clear abuse of discretion. (*Wilder* v. *Wilder*, 214 Cal. 783, 785 [1] [7 P.2d 1032]; *Heck* v. *Heck*, 63 Cal.App.2d 470, 476 [8] [147 P.2d 110].)

■ In the present case there is a clerk's transcript of 685 pages, a reporter's transcript of 1394 pages; plaintiff introduced 50 exhibits and defendant 44. Depositions were taken and innumerable applications and proceedings ensued prior to the time the case was actually brought to trial. There were nine days of court proceedings prior to the time of trial and eleven trial court days. Clearly in view of these facts we cannot say that the trial court abused its discretion in fixing the amount of the attorney's fee.

■ Third: *Did the trial court err in directing defendant to pay (a) the unpaid balance of accountants' fees in the sum of $1,425.10; (b) unpaid balance of Union Appraisal Company's charges in the sum of $450; (c) unpaid balance to A. J. Rainey, an appraiser, in the sum of $3,170 and (d) reporter's fees for depositions taken and not used in the sum of $218.10?*

*No.* Defendant made no objection in the trial court to the order directing him to make the payments which he now questions. He has therefore waived any right to urge error in such allowances upon appeal. (*Meyer* v. *Meyer*, 184 Cal. 687, 690 [4] [195 P. 387]; *Ferry* v. *O'Brien*, 63 Cal.App. 620, 625 [4] [219 P. 467] (hearing denied by the Supreme court); *Rogers* v. *Rogers*, 86 Cal.App.2d 817, 823 [8] [195 P.2d 890].)

The portions of the judgment from which defendant appeals are affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a rehearing was denied November 5, 1954, and his petition for a hearing by the Supreme Court was denied December 15, 1954.