[Civ. No. 21186. Second Dist., Div. Three. Mar. 20, 1956.]

ERNEST V. BERRY, Respondent, v. BLANCHE
BEATRICE BERRY, Appellant.

Jerry Giesler and Harold C. Holland for Appellant.

Frederick I. Frischling for Respondent.

VALLÉE, J.—This is a companion case to *Berry* v. *Berry*,
*ante*, p. 50 [294 P.2d 757]. Defendant appeals from
orders denying her application for an allowance for attorney's
fees and costs on appeal. The nature of the appeals and
the facts relative thereto appear in that opinion

After defendant had filed her notice of appeal in the com-
panion case, she applied for costs and attorney's fees for
the purpose of prosecuting her appeals and defending against
plaintiff's cross-appeal. Her application was referred to a
commissioner who recommended that the application be
denied. On that recommendation the court on November 23,
1954, made this order: "Motion for attorney's fees denied."
No order was made with respect to the application for costs.
Defendant thereafter filed exceptions to the findings and
recommendations of the commissioner. (Code Civ. Proc.,
§ 259a, subd. 2.) On December 8, 1954, the exceptions were
denied and the order of November 23 was affirmed. De-

fendant appeals from the orders of November 23 and December 8, 1954.

The application was denied on each of the following grounds: 1. The appeal from the order that the final decree of divorce be entered *nunc pro tunc* as of July 7, 1953, was not bona fide because plaintiff was entitled to a final decree at the time the remittitur was filed in the superior court on July 7, 1953. 2. The attorney's fees previously ordered are adequate. 3. The appeal from the order finding plaintiff not guilty of contempt is one which defendant has sufficient funds to prosecute, in that she has approximately $17,000 in a savings account and owns stocks valued at about $8,000; and the question of property and alimony between the parties was properly settled and is *res judicata* under the decision in *Berry* v. *Berry,* 117 Cal.App.2d 624 [256 P.2d 646].

As we have reversed the final decree in the companion case, it is apparent that the appeal from that decree was taken in good faith. It is also apparent from our opinion in that case that all property questions were not settled by *Berry* v. *Berry,* 117 Cal.App.2d 624 [256 P.2d 646]. Notwithstanding the fact that the conclusions of the court in those respects were erroneous, we have the question whether the conclusion that attorney's fees previously ordered are adequate is supported.

We do not have a reporter's transcript. It appears from the record, however, that defendant's counsel were paid $5,000 in fees by plaintiff for trial of the divorce action and $3,000 in fees by plaintiff for prosecuting the appeal from the interlocutory decree. (*Berry* v. *Berry,* 117 Cal.App.2d 624 [256 P.2d 646].) They were paid $1,000 in fees by plaintiff for services in the accounting proceeding referred to in the opinion in the companion case. The fees were paid pursuant to orders in the divorce action.

 Previous allowances of attorney's fees may afford support for a trial court's conclusion that no need exists for any additional allowance. (*Leupe* v. *Leupe,* 21 Cal.2d 145, 153 [130 P.2d 697]; *Harrold* v. *Harrold,* 117 Cal.App.2d 664, 666 [256 P.2d 626].) The rejection of an application on that ground lies within the sound discretion of the trial court, and in order to set aside its order refusing the application a very strong case must be made in favor of the applicant. (*Kellett* v. *Kellett,* 2 Cal.2d 45, 49-50 [39 P.2d 203].) On the very meager record before us it cannot be held as a matter of law that the trial court abused its discretion in denying

the application on the ground attorney's fees previously ordered were adequate.

As we have observed, no order was made on defendant's application for costs on appeal. On the appeals in the companion case we have ordered that plaintiff shall bear defendant's costs on those appeals. The question of costs is therefore moot and the effect of the error in that respect need not be considered.

The orders appealed from are affirmed. Plaintiff shall bear defendant's costs on these appeals.

Shinn, P. J., and Wood (Parker), J., concurred.