[Civ. No. 21321. Second Dist., Div. One. June 12, 1956.]

JUDITH KELLY HOWARD, Respondent, v. LINDSAY COLEMAN HOWARD, Appellant.

Franklin W. Peck for Appellant.

Edward M. Raskin for Respondent.

DORAN, J.—This is an appeal by the defendant husband from an order denying appellant's motion asking that the county clerk be directed to enter a full satisfaction of an

interlocutory judgment of divorce as respects an attorney fee of $15,690 and costs, and that the sheriff cease making further levies of execution to collect interest on said attorney fees. There is no controversy in respect to the attorney fees ordered to be paid to the wife's attorney, and the only question here involved relates to whether interest thereon is allowable.

The interlocutory judgment, dated June 5, 1952, ordered appellant to "pay directly to plaintiff's counsel," the attorney fee of $15,690 and costs, within 30 days after notice of entry of judgment, together with certain items of expense connected with the divorce case. As noted in appellant's brief, the judgment made no mention of interest. Mr. Howard appealed from portions of this judgment which was duly affirmed October 19, 1954, in 128 Cal.App.2d 188 [275 P.2d 93], and the reviewing court held that there was no abuse of discretion in awarding the $15,690 attorney fee. Thereafter, appellant refused to pay respondent's counsel any sums other than the principal sums set forth in the judgment, whereupon respondent took out an execution and placed same in the hands of the sheriff.

In the trial court, it was appellant's contention that no interest on the judgment was allowable for two reasons: (1), that the writ of execution issued by the clerk did not provide for interest thereon; and (2), that costs and attorney fees were mere incidents to plaintiff's principal cause of action, and consequently do not bear interest.

It is respondent's position that "Any judgment awarding money . . . automatically bears interest thereon at the rate of seven per cent per annum until paid, even though the judgment makes no provision for interest thereon." The trial court agreed with the respondent's contention, saying: "It seems to me a simple, elementary thing where one party deprives another party of money which is rightfully theirs, pursuant to Court order, it bears seven per cent interest from the date due. That is my holding."

The writ of execution is typewritten on the usual printed form, and specifies the amount of attorney fees and other items covered by the interlocutory judgment. Appellant makes the claim that interest was expressly excluded because "In the blank spaces appearing on the Writ, he (the Clerk) was at pains to type in a series of dashes clearly indicating that the Writ did not call for the collection of any interest whatsoever."

Respondent argues that this failure of the clerk to insert any amount of computed interest in the execution form is of no consequence. The respondent further calls attention to the fact that actually the execution form does call for the collection of interest in its express directions to the sheriff, which are as follows: ''These presents are therefore to command you to satisfy the said judgment *with interest* and costs as provided by law.'' (Italics added.) The trial court, in this connection, said: ''I am not concerned with the forms in any respect. Both of you have to some extent relied on what the forms contain or omit. I don't think that is the least bit material. The only question is, what is the law. Does the law provide for interest on attorney's fees or does it not? If the forms are inadequate they will have to be changed then, not the law.''

Appellant has ''no quarrel with any of the decisions . . . to the effect that an ordinary money judgment bears interest at the rate of 7 per cent per annum, regardless of whether it so provides.'' The present judgment, insofar as attorney fees are concerned, is, according to appellant's brief, not an ''ordinary money judgment'' which would draw interest, but merely one where ''attorney fees or costs are allowed as an incident to the basic relief awarded by a judgment.''

The above contention, that the judgment here involved constitutes an exception to the general rule, is untenable. That the provision for payment of attorney fees is a vital and integral part of the judgment, cannot well be doubted. Nor is an attorney to be treated in this respect differently from any other person from whom money has been withheld after the entry of a judgment ordering its payment. In the instant litigation, as respondent points out, the attorney fees ordered paid, have been withheld upward of two years.

Although not factually identical with the present case, there is judicial authority for the allowance of legal interest on attorney fees, and the conclusion is inescapable that no exception from the general rule should be made. In *Huellmantel* v. *Huellmantel*, 124 Cal. 583, 589 [57 P. 582], the reviewing court said: ''Plaintiff is entitled to recover interest at seven per cent per annum, without compounding, upon . . . the allowance for attorney fees as originally made, from the date of the decree.'' This case was cited with approval in *McNabb* v. *McNabb*, 47 Cal.App.2d 623 [118 P.2d 869], where the court said: ''It was not necessary for the original judgment of the trial court, made at the time of the divorce action,

to include provision for interest on the amounts as they accrued, although it might properly have done so."

Likewise, appellant's arguments that the form and wording of the writ of execution precludes allowance of interest, or that its use by respondent constitutes a waiver of interest, are without merit. As observed by the trial court, the allowance of interest upon a money judgment is not dependent upon forms or phraseology, but is automatically allowed by law. Nor is such right dependent upon or affected by any so-called "practices" of the county clerk, sheriff, or other ministerial officer. In the language of the trial judge, it is "a simple, elementary thing that where one party deprives another party of money which is rightfully theirs, pursuant to Court order, it bears seven per cent interest from the date due."

The order is affirmed.

White, P. J., and Fourt, J., concurred.