[Civ. No. 19774.   Second Dist., Div. Two.   Feb. 27, 1957.]

JUDITH KELLY HOWARD, Appellant, v. LINDSAY
COLEMAN HOWARD, Respondent.

Edward M. Raskin for Appellant.

Franklin W. Peck for Respondent.

FOX, J.—Writing in the second century A.D., the classic
poet Juvenal, a mordant commentator on the mores of ancient
Rome, inquired: "Tell me, what do pleaders get for their
services in the courts and for those huge bundles of papers
which they bring with them?" (Satire VII, lines 106-107,
Ramsey Translation.)   This antique question has been before
the courts apparently since the dawn of jurisprudence.   It
likewise engrosses our attention in the instant matter.

In the current phase of this judicial odyssey, which has meandered through the appellate courts with rhythmic regularity,[1] plaintiff wife originally appealed from five separate orders of the trial court denying her an attorney's fee in proceedings subsequent to the entry of an interlocutory decree of divorce. Upon reevaluation of her situation, and conditioned in part by the implications of our opinion in *Howard* v. *Howard*, 141 Cal.App.2d 233 [296 P.2d 592] (with special reference to the footnote at page 243), plaintiff has elected to abandon four of her five appeals. Accordingly, the appeals numbered 19734, 19758, 19776 and 19827 are dismissed.[2] The remaining appeal, Number 19774, in its pristine form, constituted an attack on three orders of the court made on October 31, 1952. Plaintiff has likewise abandoned her appeal from two of these orders. There remains for consideration only an appeal from one of the orders made on October 31, 1952, which will be more fully set out after a chronological résumé of those elements of the former proceedings here germane.[3]

Proceedings for a divorce, and for the settlement of rights arising from the marriage, were instituted by the parties in 1951. Thereafter, plaintiff moved for the allowance of attorney's fees pendente lite. In June, 1951, the court made an order under which plaintiff was awarded an attorney's fee in the sum of $12,000 on account of services to be rendered in the pending litigation.

An interlocutory judgment granting plaintiff a divorce was entered on June 9, 1952. This decree, signed by Judge Mosk, contained a provision awarding plaintiff an additional attorney's fee of $15,690. Both plaintiff and defendant appealed from certain portions of the judgment, defendant posting a bond to effect a stay of execution.[4]

---

[1]The antecedent chapters in this voluminous saga of litigation are reported, sub nomine *Howard* v. *Howard*, as follows: 119 Cal.App.2d 122 [259 P.2d 41]; 128 Cal.App.2d 180 [275 P.2d 88]; 128 Cal.App.2d 188 [275 P.2d 93]; 141 Cal.App.2d 233 [296 P.2d 592]; 142 Cal.App.2d 222 [298 P.2d 48].

[2]In the interest of brevity, we have omitted encumbering the record with a delineation of the gambits and countermoves which precipitated those appeals.

[3]The District Court of Appeal may take judicial notice of its own records in prior proceedings. (*Corum* v. *Hartford Acc. & Indem. Co.*, 67 Cal.App.2d 891, 893 [155 P.2d 710]; *Collins* v. *City & County of San Francisco*, 112 Cal.App.2d 719, 725 [247 P.2d 362].

[4]In *Howard* v. *Howard*, 128 Cal.App.2d 188 [275 P.2d 93], this court affirmed the award of the attorney fee of $15,690. Much of the factual background of this litigation is reported in *Howard* v. *Howard*, 128 Cal. App.2d 180 [275 P.2d 88].

Lacking resources to prosecute her own appeal or to resist the appeal taken by defendant, plaintiff made a motion for an order for an attorney's fee and costs to meet the expenses of appellate proceedings. On September 23, 1952, Judge Mosk ordered defendant to pay a $10,000 attorney's fee and $1,200 costs for services necessitated by the appeals from the judgment. Defendant also appealed from this order and again stayed execution.

Plaintiff next moved for an order requiring defendant to pay plaintiff a reasonable sum as attorney's fees and court costs to enable her to resist defendant's appeal from the order last mentioned.[5] The motion was supported by affidavits of plaintiff and her counsel from which it appeared that plaintiff had no independent income from which to pay fees for her attorney, that defendant had the ability to pay for such services, and that her resistance of defendant's appeal was taken in good faith. Defendant's attorney filed a counter-affidavit which did not directly controvert these facts, but alleged in substance that the previous award of counsel fees made any additional award unnecessary.[6]

On October 31, 1952, Judge Mosk heard argument on the motion. At this hearing, plaintiff's counsel referred the court to the case of *Kyne* v. *Kyne*, 74 Cal.App.2d 563 [169 P.2d 272], as indicative of its power to grant additional attorney's fees to resist an appeal from a prior order awarding attorney's fees. Defendant's counsel argued that the award of attorney's fees theretofore made was adequate to cover such services and another allowance was unwarranted. At the conclusion of the argument, the court made its order denying plaintiff attorney's fees with which to resist defendant's appeal from the order of September 23, 1952, awarding an attorney's fee of $10,000 for services in connection with the previous appeals from the interlocutory judgment. The court did not assign any ground for denial of the application.

It is plaintiff's position that because of her showing of good faith and lack of resources coupled with defendant's ability to pay, she was entitled as of right to an attorney's

---

[5] In *Howard* v. *Howard*, 141 Cal.App.2d 233 [296 P.2d 592], the award of $10,000 embodied in this order was affirmed by this court. The history of defendant's contumacious opposition to orders of the court awarding alimony and counsel fees to plaintiff is fully recounted in the opinion.

[6] Defendant agreed, however, to pay the amount of $1,200 awarded as costs on appeal and abandoned that portion of his appeal.

fee to resist defendant's appeal and, in any event, she insists the court abused its discretion in denying her an award. Placing principal reliance on *Kyne* v. *Kyne, supra,* she contends "that the able trial judge was under the erroneous impression that once he had awarded an attorney's fee to plaintiff's counsel, it was not within his power to grant an additional fee for the protection of the original fee which he had awarded, in spite of the defendant's appeal from the original award." However, nowhere does the record reveal, affirmatively or by implication, that the trial court harbored such a misconception. On the contrary, in his argument below, plaintiff's counsel cited the Kyne case, which stands for the proposition that in a domestic relations proceeding, upon proper showing, an attorney's fee should be awarded to permit the prosecution of an appeal from a prior order disallowing attorney's fees upon appeal. Furthermore, despite Judge Mosk's statement that he was familiar with that case, counsel quoted extensively from that authority in support of the proposition that an attorney's fee could and should be allowed in the premises. It is therefore difficult, even if it were fair, to ascribe the trial court's denial of an attorney's fee to his unfamiliarity with the case authority which permits such an award upon a proper showing. In support of the court's order, it is proper to assume it was based on other pertinent legal principles.

Thus, it is more logical to infer that in denying plaintiff's current application, Judge Mosk, in the exercise of the discretion vested in him, took into consideration the fact that some five weeks earlier he had awarded plaintiff $10,000 as an attorney's fee in connection with the appeals from the interlocutory judgment; that among the questions presented by those appeals was whether it was an abuse of discretion to award plaintiff $15,690 as an attorney's fee for services at the trial; that this identical issue, except as it related to legal services incident to an appeal, was the only one presented upon defendant's appeal from the award of $10,000, and that in view of the substantial award already made for services on a pending appeal involving a similar legal point, an additional award was not necessary. ■ It is fundamental that the matter of awarding an attorney's fee in a divorce action is left to the sound discretion of the trial court. (*Kellett* v. *Kellett,* 2 Cal.2d 45, 49-50 [39 P.2d 203].) ■ Also, it is elemental that a husband having the means

is required to underwrite the good faith appeal of a necessitous wife. However, the question whether a particular fee applied for should be granted is not, as plaintiff appears to suggest, a matter of absolute right unrelated to the factor of antecedent allowances which have been granted for attorney's fees. ■ The law is established that in fixing the amount of an attorney's fee for services on appeal, or in determining whether such an award is required at all, the trial judge may take into account the orders for fees which have been previously made in the litigation. (*Berry* v. *Berry,* 140 Cal. App.2d 63, 64 [294 P.2d 766]; *Harrold* v. *Harrold,* 117 Cal. App.2d 664, 666 [256 P.2d 626]; *Bailey* v. *Bailey,* 60 Cal. App.2d 291, 297 [140 P.2d 693]; *Frazier* v. *Frazier,* 115 Cal.App.2d 560, 562 [252 P.2d 698]. See *Leupe* v. *Leupe,* 21 Cal.2d 145, 153 [130 P.2d 697].)

*Berry* v. *Berry, supra,* succinctly expresses the controlling law. There plaintiff husband and defendant wife had each taken appeals from a judgment and orders made in connection with their divorce litigation. Defendant wife applied for attorney's fees for the purpose of prosecuting her appeals and defending against plaintiff's cross-appeal. The trial court made its order denying the application. In reviewing the facts on appeal from this order, the appellate court noted that defendant wife had been previously awarded $6,000 as attorney's fees for trial of the action and for an accounting proceeding, as well as an additional $3,000 in prosecuting a prior appeal. In affirming the order of denial, the court stated: "Previous allowances of attorney's fees may afford support for a trial court's conclusion that no need exists for any additional allowance. [Citations.] The rejection of an application on that ground lies within the sound discretion of the trial court, and in order to set aside its order refusing the application a very strong case must be made in favor of the applicant. [Citations.]" We do not perceive any arbitrary exercise of the court's discretion in the disallowance of the fee requested. ■ Taking cognizance that a fee of $10,000 had recently been awarded in connection with the appeals from the interlocutory judgment, and that the question of the reasonableness of attorney's fees was an issue in those appeals, and the only issue in the appeal from the award of $10,000, thus permitting the research of the law on that question to be used in both appeals (see *Barker* v. *Barker,* 139 Cal.App.2d 206, 218 [293 P.2d 85], we cannot say, as a

matter of law, that an additional fee should have been allowed and that the court abused its discretion in refusing the allowance applied for.

The order appealed from is affirmed.

Moore, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied March 22, 1957, and appellant's petition for a hearing by the Supreme Court was denied April 25, 1957. Spence, J., was of the opinion that the petition should be granted.