[Civ. No. 33326.    Second Dist., Div. One.    May 13, 1969.]

OLLIE G. MATSON, Plaintiff and Respondent, v. JUANITA L. JONES, Defendant and Appellant.

JUANITA L. JONES, Plaintiff and Appellant, v. OLLIE G. MATSON, Defendant and Respondent.

(Consolidated Cases.)

Leo Branton, Jr., and Arthur Mabry for Plaintiff and Appellant and Defendant and Appellant.

Paul Caruso for Plaintiff and Respondent and Defendant and Respondent.

FOURT, J.—Juanita Jones appeals from a judgment by the trial court sitting without a jury which determined that she made a gift to Ollie Matson of certain restaurant property and stock, that her real property dealings with Matson constituted the performance of an agency rather than a partnership, and that she was entitled to no additional compensation.

Jones originally filed an action seeking to dissolve an alleged oral partnership with Matson; Matson concurrently instituted an action to obtain an accounting from Jones in relation to the acquisition and management of certain specified parcels of income property which Jones alleged constituted the subject matter of the partnership. Pursuant to stipulation, these two independent actions were consolidated for all purposes.

Appellant contends that (a) the evidence was insufficient to support the trial court's finding that she made a gift to Matson of certain restaurant property and her shares in Entre Nous Corporation (hereinafter sometimes called Entre Nous); (b) the evidence was insufficient to support the trial court's finding that the parties operated under an oral agency rather than a partnership agreement; and (c) assuming an agency existed, the court erred in failing to award appellant either compensation for her services or reimbursement for personal funds advanced in furtherance of the purposes of the agency for the benefit of the principal.

It is undisputed that sometime in December 1959 the parties entered an oral agreement according to which Matson was to furnish funds and Jones was to locate, purchase, and manage real property to produce rental income. The agreement was performed to the extent that a number of parcels of real property were indeed acquired with Matson's funds and in his name and this property was managed by Jones who handled the escrow transactions, arranged for repairs and maintenance, and rented the properties and collected the rents. A single parcel of property on East 75th Street in Los Angeles was acquired in Jones' name and, although she included this parcel in her schedule of purported partnership properties, Matson conceded that it was her sole property.

Matson and Jones met when for a period of time Matson and his wife were next door neighbors of Jones and her husband. At that time Jones and her husband owned and operated a small restaurant and bar on Jefferson Boulevard in Los Angeles known as the Entre Nous. Matson was persuaded to invest some funds in the enterprise and the Entre Nous Corporation was then established. Matson paid $5,000 to acquire 1,500 shares of Entre Nous; Jones and her husband each held 750 shares of the Entre Nous stock, and the restaurant, land and building remained in their names. When, at a subsequent time, she and her husband suffered financial reverses the restaurant property was threatened with foreclosure and she transferred this property to Matson without monetary consideration. In the intervening period Matson purchased from Mr. Jones his 750 shares of stock in Entre Nous. Thereafter Juanita Jones sold Matson the liquor license and fixtures which had belonged to Entre Nous for the sum of $13,000 which she retained for her own use and benefit, and she transferred to Matson her 750 shares of Entre Nous common stock without monetary consideration. Matson testified that the restaurant property and Entre Nous stock was transferred to him without consideration and as a gift. Jones testified that no gift was intended.

■ ''In ascertaining the validity of a gift the intent with which delivery was made is an important and essential element to be considered. ■ Intention is a question of fact to be determined by the trial court from all the evidence, and the circumstances of the transaction and the words and acts of the donor enter into the establishment of the fact. [Citations.] ■ As in any other case where the decision of the trial court is sustained by substantial evidence, the findings will not be disturbed on appeal although different conclusions may reasonably be drawn from the evidence by different minds.'' (*Copprell* v. *Copprell*, 87 Cal.App.2d 4, 6 [195 P.2d 868].) ■ The only issue is the credibility or inherent improbability of Matson's testimony. There was a conflict in the evidence as to the intent of each of the parties which was resolved by the trial court, and the fact of the threatened foreclosure and the tenuous financial position of Jones at the time of this transaction renders Matson's testimony reasonable. ''There being nothing inherently improbable or impossible in such testimony and explanations, this court is bound by the findings.'' (*Cirimele* v. *Lucchesi*, 100 Cal.App.2d 371, 376 [223 P.2d 681].)

■ Insofar as appellant's contention that her agreement with Matson was an oral partnership entitling her to 50 percent of the net proceeds from the rental or sale of the properties involved, again there was a conflict in the testimony given by Matson and Jones as to the nature of the agreement which was normally and properly resolved by the trial court. ■ "An appellate court cannot substitute its judgment on the facts for that of the trial court if the findings of the trial court are supported by any competent and substantial evidence, properly in the record. ■ When a finding of fact is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will uphold the disputed finding." (*Woolliscroft* v. *Starr*, 225 Cal.App.2d 667, 669-670 [37 Cal.Rptr. 570].) ■ Moreover, it is a well established rule of law that "The question as to whether a partnership exists is a problem for determination of the trial court from the facts and inferences adduced at the trial. [Citations.] Its conclusion in that regard will not be interfered with on appeal when there is substantial evidence to support the court's findings." (*Kersch* v. *Taber*, 67 Cal.App.2d 499, 504 [154 P.2d 934].)

■ Appellant testified that she entered into an oral agreement with Matson, some of the terms being that if he would put up the money necessary for the acquisition of real property she would select the properties, purchase them, repair and maintain them, rent and collect the rentals, and generally manage the properties for several years until it became profitable to sell them, and that all net profits, after reimbursement of Matson's funds, would be shared on a fifty-fifty basis. This agreement was entered into because Matson, who was a professional football player and spent about six months of each year travelling, wanted to invest in income properties for income tax purposes but was unable to handle the management. Jones claimed that although she rendered no accounting to Matson, and she kept no bank account or bank deposit records after the first couple of months of performing this agreement, she did give to Matson's accountant each year the basic tax information and supporting documents and that she then kept a copy of the income tax statements prepared from this information. Although in the beginning she was employed as a social case worker, this employment terminated and for several years she testified that her income was so small that she filed no income tax statements, and when fore-

closure was threatened as to various parcels of the property acquired she was unable to pay the necessary sums to forestall foreclosure because she had no sufficient income or finances. On the other hand, she claimed and prepared an accounting to verify that during this period she advanced approximately $19,000 from her personal funds to improve and pay expenses pertaining to these properties.

Matson testified that he agreed to provide the funds for acquisition of income properties which Jones agreed to manage for compensation to be measured by the net proceeds resulting from the rental and leasing of the properties. Although Jones never requested additional compensation and Matson trusted her to supply accounting information to his accountant for income tax purposes, he finally became suspicious of the character of her management because she always had some excuse to avoid rendering an accounting to him and he discovered that certain encumbrances and taxes which Jones reported paid had not in fact been paid so that each year when he returned from the football circuit the properties would be in arrears and he would have to clear the defaults with funds from his salary. Although Jones claimed that title to each of the properties was taken in Matson's name merely in order to give him the tax benefits of ownership, he testified that title was properly held in his name for all purposes. From the foregoing, we conclude that the trial court found on substantial evidence that no partnership but rather an oral agency agreement controlled the transactions between the parties.

█ Finally, appellant contends that the trial court improperly failed to find expressly that she had been compensated for her services or to award her additional compensation and reimbursement of the personal funds which she claimed to have advanced. When, at the close of trial, the court advised counsel that it had determined that an agency relationship existed, counsel for Jones made a motion to reopen the proceedings to allow him to introduce evidence on a *quantum meruit* theory of the reasonable compensation due Jones under the agency agreement. This motion was granted and further evidence was introduced but, presumably on the basis that the evidence so adduced was merely cumulative in nature, the court thereafter refused to allow Jones to amend her pleadings. The trial court made no express finding that Jones had been compensated or was entitled to additional compensation, but it found ''as a matter of law that . . .

[Jones] is not entitled to a receiver to take charge of the proceeds of any sale of any alleged partnership assets nor is there any right of . . . [Jones] to have a receiver appointed on a *quantum meruit* basis for her alleged services.''

Although Jones testified that the rental income was insufficient to pay the expenses and taxes on the properties, and that instead of receiving a net income she was required to invest additional amounts in the properties, Matson testified that since he had taken over the property management he found the income sufficient to pay expenses and show a profit. He further testified that not only did she fail to render any accounting or to keep any bank records of her transactions relating to the properties, but she indeed collected the rental income and failed to pay the taxes and possibly some of the loan payments so that he was forced to retrieve the properties regularly from default. In addition, Jones received $13,000 from Matson from the sale of the Entre Nous assets. The accounting rendered by Jones to the trial court was not supported by documentary evidence and Jones herself was its only verification. No special finding as to compensation was requested by Jones, and without such a request the judgment will not be set aside on appeal for failure of the trial court to make an express finding if a finding on that issue, consistent with the judgment, results by necessary implication from the express findings. (*Auer* v. *Frank*, 227 Cal.App.2d 396 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108].) The clearly implied finding in the present case is that appellant has so conducted herself that the court will leave her where it finds her, and that she has proven no case entitling her to reasonable or additional compensation for services rendered. ''A reviewing court will not disturb the implied findings made by a trial court in support of a judgment any more than it will interfere with express findings on which a final judgment is predicated.'' (*Goldberg* v. *Paramount Oil Co.*, 143 Cal.App.2d 215, 223 [300 P.2d 329].)

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied June 11, 1969.