[Civ. No. 34573. Second Dist., Div. Two. Mar. 4, 1970]

JANE NIGH DAVIDSON, Plaintiff and Respondent, v.
NORMAN DAVIDSON, JR., Defendant and Appellant.

## COUNSEL

Robert A. Neeb, Jr., and Michael J. O'Hara for Defendant and Appellant.

Ryan & Traxler and Sidney Traxler for Plaintiff and Respondent.

## OPINION

**FLEMING, J.**—Pending action for divorce. In December 1968, on an order to show cause, the trial court ordered defendant husband to pay plaintiff wife pendente lite $2,360 per month for her support, $500 per month for support of their five-year-old daughter, $15,000 for costs of suit, and $30,000 for attorneys' fees. The husband appeals the order as to attorneys' fees and child support, contending these amounts are excessive and represent an abuse of discretion.

The parties married each other for the second time in April 1966, having first married in March 1963 and been divorced in June 1964. The husband has a net worth of several million dollars and in 1967 had an income of $350,000. He is self-employed, controls several enterprises, and engages in complex financial transactions. The wife has separate property worth $50,000, and she claims part of her husband's assets as community property.

■ Where a large amount of property is involved in the action the legal services necessarily required will usually justify a substantial pendente lite award of attorneys' fees. (*Dietrich* v. *Dietrich,* 41 Cal.2d 497, 506 [261 P.2d 269]; *Warner* v. *Warner,* 34 Cal.2d 838, 842 [215 P.2d 20]; *Avnet* v. *Bank of America,* 232 Cal.App.2d 191, 202 [42 Cal.Rptr. 616].) ■ However, four factors make the present case unusual. First, the parties had been married only a short time, and any community property would date only from April 1966, a feature which greatly simplifies the determination of the separate and community status of the parties' assets. Second, the husband demonstrated his willingness to disclose his financial holdings to his wife and made available to her relevant financial data at the order to show cause. Third, during the present marriage the wife filed a prior action for divorce in July 1967 and in connection with that action received $15,000 for attorneys' fees pendente lite. She dismissed that action in July 1968, less than three months before she filed the present action in October 1968. Presumably, the wife received the benefit of substantial legal services for the $15,000, which services should have included an accurate evaluation of her community property claims against her husband.[1] Fourth, no proper showing was made at the order to show cause of the nature and extent of legal services reasonably required by the wife to prosecute her action or her need for another large sum of money for attorneys' fees pendente lite.

In view of these factors the amount of attorneys' fees awarded pendente lite appears grossly excessive, even extravagant, and seems to have been predicated solely on the husband's ability to pay and not on the reasonable value of legal services reasonably required by the wife to prosecute her action. The award represents an abuse of discretion and must be reversed. (Cf. *Schwartz* v. *Schwartz,* 173 Cal.App.2d 455 [343 P.2d 299]; *Berry* v. *Berry,* 140 Cal.App.2d 63 [294 P.2d 766]; *Harrold* v. *Harrold,* 117 Cal. App.2d 664 [256 P.2d 626].)

We have been advised by counsel that subsequent to the filing of this appeal the divorce action has been set for trial for 7 April 1970; we have also been advised that the wife has secured an award of $5,000 for attor-

---

[1]On oral argument counsel advised the court that depositions of the husband and the husband's accountant had been taken in the prior action and that in those depositions the husband's financial affairs had been explored in some detail.

neys' fees for this appeal. Under the particular circumstances of this case we believe consideration of further attorneys' fees for the wife should be deferred until the conclusion of the trial of the cause on its merits. At that time the trial court will have all relevant facts before it and be able to award attorneys' fees to the wife for legal services actually performed and reasonably required in the prosecution of her action.

■ On the issue of $500 per month for child support, plaintiff testified she was paying $150 per month for the cost of private schooling for the daughter. Absent any evidence to the contrary, the remaining $350 does not represent an unreasonable monthly allowance for child support for a man of defendant's means.

The order is reversed as to attorneys' fees and affirmed as to child support.

Herndon, Acting P. J., and Wright, J., concurred.

A petition for a rehearing was denied April 3, 1970, and respondent's petition for a hearing by the Supreme Court was denied April 29, 1970. Mosk, Acting C. J., was of the opinion that the petition should be granted.