[Civ. No. 3380. Fourth Dist. May 24, 1946.]

WAYNE A. ZIMMERMAN et al., Appellants, v. CLYDE YOUNG, Respondent.

Ernest W. Pitney for Appellants.

J. Dean La Motte for Respondent.

GRIFFIN, J.—This is an action to quiet title to a triangular strip of property consisting of ½ of an acre over which defendant claims a 20-foot easement for road purposes. Plaintiffs and cross-defendants appealed from a judgment upon the cross-complaint in favor of defendant and cross-complainant. One Houston, prior to 1935, owned a tract of land near Vista. It was surveyed, subdivided and sold and was mapped by a licensed surveyor. The map, No. 486, was recorded in the Recorder's office on January 11, 1935, and recites: "I hereby certify that this map is a true and correct representation of an actual survey made by myself at the request of Dr. C. R. Geith, Wm. M. Houston and Wayne A. and Marion A. Zimmerman, the legal owners of this property, that it truly represents conditions found upon the ground, and that I have found or set all points as hereon shown." This map clearly shows the 20-foot road easement here in dispute. Defendant Young and Houston executed a written contract of sale, as of January 3, 1935, for the purchase; by Young, of a 13.28 acre parcel of this subdivided tract of land. The written contract provided for a deferred payment plan for the purchase price of $1,542.80, payable $750 on or before September 1,

1935, and $792.80 on or before September 1, 1936, with interest at 7 per cent, payable quarterly. It further provided that "Time is declared to be the essence of this contract and should the buyer fail or neglect to make said deferred payments, or any of them, or to pay any of said indebtedness at the times and in the manner herein provided, then, and in that event, this receipt and contract shall be and become at once null and void. . . . Seller shall be at once released from any and all obligations at law or in equity to make any conveyance hereunder or to convey the property described to said buyer . . . buyer herein does hereby expressly waive any right to demand or receive from the seller, notice to pay . . . or notice of declaration of forfeiture . . . seller, on receiving such payments, . . . agree to furnish to the buyer a policy of title insurance . . . as of such date, showing title to said premises to be vested in William R. Houston, . . . and the seller further agrees at such time to execute and deliver to the buyer . . . a good and sufficient deed."

The contract was never acknowledged or recorded but it was found by the trial court that it was at all times in force and effect and payments were being made upon it. The contract, as pleaded, shows that on September 9, 1935, there was paid $18 on account of interest; on November 29, 1935, $300 on principal; on December 3, 1935, $27 on interest in addition to $98 on the principal; and on December 4, 1935, $202 on the principal. Although there were several payments on interest every few months thereafter, there was no further payment on principal until August 31, 1943. On September 1, 1944, $1,301.24 had been paid on the principal in addition to the payments of interest. This action was filed on September 14, 1944.

The easement in question runs along the north boundary of plaintiffs' premises, i. e., the 4.10 acres, which they purchased from Houston, the common grantor, prior to 1935. On July 27, 1936, Zimmermans secured title from Houston, by recorded deed, to the triangular strip of property (½ acre) bordering their 4.10 acre tract. (The easement runs over the ½ acre strip.) No mention is made in the deed of the right of way set out in the previous contract between Young and Houston. It does, however, contain a clause: "Subject to taxes . . . and rights of way of record."

The record is clear that plaintiffs had knowledge of the existence of the claimed easement, not only from the recorded

map but from conversations had with defendant and with Houston prior to the time they purchased or negotiated for the purchase of the narrow strip from Houston in July, 1936.

Mr. Zimmerman did not want the roadway so near his house. (It was about 30 feet from the boundary of his premises.) Consequently, he began negotiations with Houston, sometime before July, 1936, to purchase approximately one-half an acre of rocky land lying directly north of his 4.10 acres, the land burdened with Young's claimed easement. It was worthless for any practical purpose and was purchased for $62.50. Houston refused to furnish a certificate of title. The purchase apparently was made for the purpose of attempting to acquire a prior recorded title to Young's claimed easement. It is now claimed by plaintiffs that they had no notice of the terms of the unrecorded contract of sale between Houston and Young or of the claimed easement over the ½ acre strip prior to the recordation of their deed. It is further claimed that Young, at the time plaintiffs' deed was recorded, was in default in his payments on his contract and that by its terms Young had forfeited any right he might have had under the contract, i. e., that the contract provided for a payment of $750 on or before September 1, 1935, and that according to the contract endorsements of payment, only $18 in interest had been paid on that date; that the contract rights of Young were automatically forfeited under its terms and that Houston had the right to deed the ½ acre to plaintiffs free and clear of such easement.

As we see it, the main question involved is whether Young's contract right of easement was valid and enforceable by the parties to it, at the time plaintiffs purchased the ½ acre, and if so, were plaintiffs possessed of sufficient facts to put them on inquiry as to Young's claim of easement.

Plaintiffs also argue that the licensed surveyor's map, even though recorded, was not sufficient to create an easement for road purposes. This does not appear to be the question involved. ■ It is defendant's position, with which we agree, that the contract of sale between Houston and Young created an easement dependent upon the fulfillment of the terms of the contract, as agreed upon between the parties and that the recordation of the map showing the easement contracted for was evidence of notice to plaintiffs of Young's claimed easement and was one of the circumstances tending to put them on

inquiry as to the state of the title at the time of their purchase of the ½ acre. The express right to have conveyed to defendant an easement for road purposes, as set forth in the contract of purchase, is as potent against a purchaser with notice of the grant of the right of way, or of the use of the way, and with knowledge of facts sufficient to put him on inquiry concerning it, as would be a conveyance of the same, so long as the right is in existence. (*Pollard* v. *Rebman,* 162 Cal. 633 [124 P. 235]; *Bryan* v. *Grosse,* 155 Cal. 132 [99 P. 499]; *Lemos* v. *Farmin,* 128 Cal.App. 195 [17 P.2d 148]; *Taylor* v. *Ballard,* 41 Cal.App. 232 [182 P. 464]; *Beard* v. *Morgan,* 143 Neb. 503 [10 N.W.2d 253].)

Bearing upon the question whether plaintiffs had notice of facts pertaining to the contract of sale affecting the easement across the ½ acre, it should be here noted that the defendant was in actual physical possession of the land conveyed by the contract since the date of its execution. (*Lemos* v. *Farmin, supra.*) When the tract was originally laid out, an easement was shown on the map of the subdivision. Of this, plaintiffs had actual knowledge.

As the grading of the easement at that time would have involved considerable difficulty, due to a cut through a rocky hill, a temporary road was constructed around the hill through a neighbor's land. Defendant was licensed to use this road for several years but when relations over the right of way here involved became strained, the neighbor revoked such license and refused the defendant permission to pass over the temporary route crossing his property. Defendant now contends that he has no other course of ingress to or egress from his property unless he can use the easement granted under his contract of sale. Accordingly, he entered and graded the road over the 20-foot strip and caused a cut of a few feet to be made and a fill of like depth. A small apple tree and some shrubs were removed from the right of way. The tree had been planted there by plaintiffs after defendant notified them that he was claiming the right of way, and advised them against such planting. In this connection it is argued by plaintiffs that defendant abandoned the former right of way by using the other means of access across the neighbor's property for so many years.

The trial court in his oral opinion stated that there had been no abandonment, but did not (directly) find that there had been no abandonment. On the contrary, he did indi-

rectly find that fact because it was found that the contract was valid and enforceable to convey the easement described. The evidence supports the finding. (*Taylor* v. *Ballard, supra.*)

It is then stated that if the right to said easement is upheld defendant had no right to cut a roadway, as indicated, through the hill and place the dirt therefrom in a fill; that he was only permitted to use it for "road purposes" as set forth in the contract, in its natural contour, and that therefore the easement was forfeited because the use was greater than the purpose for which it was created, citing *Fletcher* v. *Stapleton,* 123 Cal.App. 133 [10 P.2d 1019].

The right to use the property for road purposes carried with it a right to make necessary and reasonable improvements for the purpose for which it was intended to be used. The evidence does not show that the burden on the servient estate has been unreasonably increased, resulting in irreparable injury thereto. No damages were allowed nor was an extinguishment of the easement declared by reason of that fact.

Summarizing the questions presented, the Houston-Young contract created *a right to an easement for roadway purposes.* The contract, as between those parties, was and is still in force and effect, and neither has elected to rescind nor repudiate it. Zimmerman, from his own admissions, and from the undisputed record, had actual, as well as constructive knowledge of the contract right of easement in Young at the time he purchased the ½ acre and he had actual notice of facts and circumstances sufficient to put a prudent man upon inquiry. The finding of the trial court to this effect and that defendant had a contractual right to such easement is fully supported. If the contract is not fulfilled, and by reason thereof becomes ineffective, and the seller exercises his right of forfeiture under it, then a different question might be presented as to plaintiffs' right to the ½-acre tract, unburdened by such easement.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.