[Civ. No. 7210. Fourth Dist. Mar. 17, 1964.]

RENA L. WOOLLISCROFT, Plaintiff and Appellant, v. HANS STARR et al., Defendants and Respondents.

Smith, Prante & Biggins and James J. Biggins, Jr., for Plaintiff and Appellant.

McInnis, Focht & Fitzgerald and William T. Fitzgerald for Defendants and Respondents.

FINLEY, J. pro tem.*—At the close of plaintiff's case, before the court without a jury, defendant moved for judgment pursuant to section 631.8 of the Code of Civil Procedure. The motion was granted and judgment entered in favor of defendants. The plaintiff appeals from this judgment.

Plaintiff and defendants are owners of adjoining tracts of land in San Diego County. A natural watercourse runs through these properties. The channel is dry except when it rains or during the wet season. On defendants' property, which lies downstream from that of plaintiff, a dam was constructed across the stream in 1949. In 1958 there was an unusually heavy rain. Plaintiff claims that the dam caused the waters to back up, inundating her well and depositing sand and silt on her property. Defendants claim that their

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

dam was in no way responsible for damage caused by the flooding of plaintiff's property and that any such damage resulted from natural growth in and alongside the stream which caused the velocity of storm waters flowing therein to be impeded to such an extent that over a period of years silt was deposited in the natural channel thus causing waters from the heavy rain in 1958 to spread out and cover plaintiff's land.

Plaintiff urges two reasons for reversal. (1) "The trial court erred in granting defendants' motion under section 631.8 of the Code of Civil Procedure in view of the uncontradicted facts established in plaintiff's proof." (2) "That the trial court erred in applying the wrong measure of damages in its consideration of defendants' motion under Code of Civil Procedure, section 631.8."

Code of Civil Procedure, section 631.8 became effective September 15, 1961. The trial of this action was commenced January 29, 1962. That section provides that in a trial by the court the court "shall weigh the evidence" when determining a motion for judgment in defendants' favor at the close of plaintiff's case.

In *Estate of Sharff*, 219 Cal.App.2d 128 [33 Cal.Rptr. 52] the following language appears at page 132: "We can find no error in the trial court granting judgment to defendants pursuant to the provisions of section 631.8 of the Code of Civil Procedure, since, as indicated, there is substantial evidence from a reading of the letters and testimony received to support the trial court's decision in this regard. Unlike a motion for nonsuit, where on appeal all intendments are in favor of the appellant, the court, in acting on a motion under section 631.8, 'shall weigh the evidence' and its findings are entitled to the same respect as are any other findings of a trial court."

Insofar as evidentiary support of a finding made by the court is concerned we must therefore treat the court's finding and judgment here as though it were a finding made and judgment granted after a trial where evidence had been produced in support of both sides. An appellate court cannot substitute its judgment on the facts for that of the trial court if the findings of the trial court are supported by any competent and substantial evidence, properly in the record. When a finding of fact is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial

evidence, contradicted or uncontradicted, which will uphold the disputed finding. (*Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689]; *Berniker* v. *Berniker*, 30 Cal.2d 439 [182 P.2d 557].)

 The trial judge stated at the commencement of the case that a fair determination of the issues required a view of the premises. Counsel stipulated that the court might do this and consider as evidence all that it viewed at the scene. Pursuant to this stipulation the court, together with counsel and the parties viewed the premises.

In addition to this view by the court, Mr. Henry W. Algert, a graduate and licensed civil engineer testified as an expert witness. From the record it appears that he viewed the premises at the request of counsel for both parties and, at the trial, counsel and the court interrogated him at some length. Without quoting here from his testimony, we find from it and from the other evidence in the record, and considering the view of the premises by the court, that the "facts" are not "uncontradicted" as maintained by the appellant. A view of the premises is independent evidence upon which a finding by the trier of facts may be made and sustained. (*Key* v. *McCabe*, 54 Cal.2d 736 [8 Cal.Rptr. 425, 356 P.2d 169]; *White* v. *Walsh*, 105 Cal.App.2d 828 [234 P.2d 276]; *Formosa Corp.* v. *Rogers*, 108 Cal.App.2d 397 [239 P.2d 88].)

Although the trial judge discussed with counsel the question of how damages, if any, should be measured, since the court found in favor of and granted judgment to defendants and since the question of damages is therefore not involved it is not necessary to discuss the matter here.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.