[Civ. No. 28468.   Second Dist., Div. Two.   Apr. 20, 1966.]

HENRY H. GUTTMAN et al., Plaintiffs and Appellants, v. HOWARD HOMES, INC., et al., Defendants and Respondents.

Morris Lavine for Plaintiffs and Appellants.

Joseph A. Ball for Defendants and Respondents.

ROTH, P. J.—On August 17, 1954, appellants Henry H. Guttman and Katherine Guttman owned approximately 6 acres of land on the corner of Sunset Boulevard and Alpine Drive in the City of Beverly Hills. Appellants' home was on the northerly portion of the grounds. On the date mentioned appellants conveyed by grant deed the southerly portion of the property to the predecessor of respondent Howard Homes, Inc. and its two sole shareholders, Maximilian Roven and Abraham Spiegel.

The grant deed described the property as lots 2, 3, and 4 of Tract 14531 and contained the following restrictions:

"1) The lots herein described and conveyed shall be used for the erection and construction of no more than two (2) one-story residences and garages thereon. No part of residence is to be erected and constructed on all or any portion of Lot 2, [the northernmost lot of the purchased property] shall be nearer than thirty (30) feet from the northerly boundary of said Lot 2.

"2) No driveway shall be constructed, maintained or used along and/or parallel to any portion of the Northerly boundary of Lot 2, except in front of said residences, nor shall any driveway extend beyond the rear of each residence hereafter erected, constructed or placed on all or any of the lots herein described and conveyed.

".    .    .    .    .    .    .    .    .

"4) It is further covenanted and agreed that upon the breach of any of the foregoing conditions and restrictions prior to the 10th day of August, 1974, the title to said premises shall immediately, ipso facto, revert to and vest in the grantors, their heirs, assigns or successors in interest. . . ."

Subsequent to the purchase of the property by respondents, the lots purchased were redesignated Lots 1 and 2 by the City of Beverly Hills, Lot 1 being the southernmost portion of the property, situated on the corner of Sunset and Alpine (running east and west on Sunset, running north and south on Alpine), and Lot 2 situated on Alpine between Lot 1 and the Guttman home.

Respondents engaged Mr. Neutra, an architect, to design two residences for the property. Such plans (Neutra plans) were made projecting a home for Spiegel on Lot 1 and another

residence for Roven on Lot 2. These Neutra plans were submitted to appellant Guttman. He refused to and did not approve. Respondents then sued in declaratory relief to determine whether the Neutra plans conformed to the restrictions in the deed. It was finally determined that with a few modifications the Neutra plans did conform. (*Howard Homes, Inc.* v. *Guttman,* 190 Cal.App.2d 526 [12 Cal.Rptr. 244].)

Before said decision became final, respondents abandoned the Neutra plans and had new and somewhat different plans drawn by an architect in Neutra's office named Fisher (Fisher plans).

Appellants timely warned respondents that they would proceed with the Fisher plans at their peril. Respondents commenced construction under the Fisher plans. Appellants, asserting that the restrictions were violated, brought this action to enforce the reversion.

The primary issues decisive of this appeal are whether the restrictions were violated. Respondents contend there is no violation, and further that the suit at bench is barred by res judicata or collateral estoppel by reason of the prior judgment. (*Guttman, supra.*)

At the conclusion of appellants' case in chief, respondents moved for judgment under Code of Civil Procedure, section 631.8 (added by Stats. 1961). The motion was granted, and the trial judge found for respondents.

█ A judgment on a motion made pursuant to section 631.8 of the Code of Civil Procedure is not a motion for nonsuit. Our function in reviewing such a judgment is the same as though it were made after a plenary trial—that is, whether it is supported by any competent and substantial evidence. (*Wooliscroft* v. *Starr,* 225 Cal.App.2d 667, 669 [37 Cal.Rptr. 570].)

Appellants contend that the judgment was contrary to the evidence and that collateral estoppel and res judicata are inapplicable to the case at bench because of the change in plans.

We make no decision on the issues of res judicata and estoppel. Our review of the record and the exhibits convinces us that the judgment is amply supported by the evidence.

█ The evidence shows that the land upon which the homes were built slopes upwards as one travels northward from Sunset Boulevard to the Guttman home. The difference in height between the southernmost end of Lot 1 and the Guttman home is 45 feet. Most of the rise occurs in respect of Lot 2. Both the Fisher and Neutra plans required a grading cut in

Lot 2. The cut created two level terraces upon which the Roven home is built.

A portion of the Roven residence resting on the upper terrace of Lot 2 is built on one level, but extends over the lower terrace where the other portion is built and in this manner occupies two levels. Each portion of the structure is approximately 10 feet in height. The structure was designed in this fashion to compensate for the descent in the grade under the portion of the structure built on the upper terrace.

The residence contains approximately 15,000 square feet, 5,000 of which are contained in the lower level. The upper level is the living area, including living room, eating area, kitchen, bedrooms and so forth. The lower level is primarily for recreation and storage.

As mentioned, the conformity of the driveways of both homes to the deed restrictions is also in issue.

■ The driveways are irregularly shaped. Their main direction is north and south. They contain some parking and turn-around areas, and are, in some portions, parallel to the northern boundary of Lot 2. Neither driveway extends beyond the rear of the house.

In assessing the probative value of the evidence as it relates to the restrictions in question, we adopt the summation of the trial judge. At the conclusion of arguments on the motion for judgment the court said: ". . . *City of Palos Verdes Estates* v. *Willett,* 75 Cal.App.2d 394 at 405 [171 P.2d 26] says: " 'It is well settled that a reversion of title for breach of a condition subsequent will not be decreed except upon clear and satisfactory evidence of a violation of the condition.'

■ "I don't find any such evidence here. . . . The first condition of the deed which is claimed. to be violated is that the lots shall be used for the erection and construction of no more than two one-story residences and garages. If the question of one-story being the type of residences here was still open, which I don't think it is, I would without any hesitation find that the Roven and the other house are one-story houses.

"It is significant to me that these conditions in the deed would permit a literal compliance with them. If some person on the Roven lot had put his one-story house with the floor at ground level, original grade level, if you like, at the north side, then had had his house extended some 50 or 60 feet toward the south, supported at that end by bare telegraph poles, unenclosed, a plan that has been used in some hillside areas, we would have a literal compliance with this restriction.

I don't think anybody would think it was an esthetic treatment of this fine property. If such person should build such a house and then enclosed his support beams by some type of enclosure, he would still be in compliance. What has been done here seems to me to be in principle the same thing with a sensible modification . . . for . . . reasonable appearance requirements.

"The area above the lower level is clearly the residence. The area below in my view is nothing but an enclosure of what otherwise would be a cellar or useless blank space. Those are my views and will be my findings. . . .

". . . . . . . . .

■ "That leaves us the matter of the driveway restriction which has engaged my attention more carefully . . . than the other. . . .

"This condition is not easy for me to understand nor is its purpose. The only sensible purpose that I can gather from it which would lead to its being put in the deed by the sellers of the property was, of course, to benefit their use of their remaining estate and I should think that would be a retention of scenic values, that is, they wouldn't want a thoroughfare right below their sweep of lawn. I can imagine that being the most reasonable explanation for this restriction. That would explain why the grantors, the Guttmans, didn't want the driveway going around the rear of the residence. They might have a parking area there and it would be unsightly. It would also explain why they would have no objection to a driveway parallel to the north boundary of the sold property in front of the residence because they specifically insist that the residence be within a limited number of feet to Alpine. But the and/or is confusing and the front of the residence leaves quite a lot of construction room.

"I have to find that there is no such thing in either of these properties as a driveway in the sense of a long driveway leading from the street . . . to an objective. It seems more as if there are driveways from Alpine for enough room to get up to the level of the homes and then there is a large . . . parking area on which you can drive to almost any place.

"The driveway on the lower property in no way violates any restriction I can find. The only place I could suggest a violation on the upper property was in that section which is about 30 feet east and west and parallels, not exactly, but fairly well parallels the property line separating the Roven property from the plaintiffs' property. Any violation of that

restriction there is highly questionable for two reasons: That particular boundary of that paved area isn't a driveway . . . it doesn't drive anywhere. If one drove alongside of it, he would end up in . . . a sort of front porch on the Roven property. Furthermore, the restriction specifically exonerates parallel driveways in front of the residences and all of that area is in front of the property except about 5 feet which is not a consequential departure.

"Then there is another driveway or it could be called a driveway by which one comes from, east on the south side of the Roven property. . . . [A]gain it doesn't lead anywhere except to some plantings and it is entirely invisible from any part of the plaintiffs' property. So any holding of a violation of a driveway restriction would not be clear and satisfactory in any respect and certainly would be a slender reed on which to prop a judgment taking away a man's home and giving it to the seller."

Since the findings of the trial court find ample support in the evidence, we cannot disturb them.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 17, 1966.