[Civ. No. 10878. Fourth Dist., Div. One. Jan. 3, 1972.]

JOSEPH P. LOMANTO et al., Plaintiffs and Appellants, v.
BANK OF AMERICA et al., Defendants and Respondents.

**Counsel**

Plourd & Blume, Lewis A. Plourd and Donald L. Scoville for Plaintiffs and Appellants.

Robert H. Fabian, Harris B. Taylor, Alfred T. Twigg and Bert C. Johnson for Defendants and Respondents.

**Opinion**

**WHELAN, J.**—Plaintiffs Joseph P. Lomanto and Isabelle T. Lomanto, who are husband and wife, appeal from a judgment of dismissal after an order sustaining a demurrer without leave to amend to their complaint for declaratory relief and for injunction.

The facts as stated herein are as alleged in the complaint or appear in the exhibits attached thereto, which are admitted as true by the demurrer.

The complaint was filed on April 28, 1970.

On August 26, 1965, the Lomantos executed a promissory note in the amount of $11,600, to be paid in 180 monthly installments at the rate of $101.60, commencing October 1, 1965, including interest of 6½ percent, until September 1, 1980.

The Lomantos executed a deed of trust on real property which was

acknowledged on August 31 to secure payments on the note. Continental Auxiliary Company (Continental), a defendant, is designated as the trustee; and Bank of America National Trust and Savings Association (Bank) is the beneficiary. The trust deed was recorded on October 4, 1965 at the request of Title Insurance and Trust Company.

The last paragraph of the first page of the deed of trust provides in part:

"FOR THE PURPOSE OF SECURING: . . . (2) payment of such additional amounts as may be hereafter loaned by Beneficiary or its successor to the Trustor or any of them, or any successor in interest of the Trustor, with interest thereon, and any other indebtedness or obligation of the Trustor, or any of them, and any present or future demands of any kind or nature which the Beneficiary or its successor may have against the Trustor or any of them whether created directly or acquired by assignment whether absolute or contingent, whether due or not, whether otherwise secured or not, or whether existing at the time of the execution of this instrument, or arising thereafter; . . ."

On February 2, 1967, Joseph Lomanto executed a promissory note in the amount of $11,500, with 7 percent interest, payable to Bank on demand, and if no demand then on August 1, 1967.

He executed another promissory note on May 29, 1967 in the sum of $5,500, with 7 percent interest, payable to Bank on demand, and if no demand then on August 1, 1967.

A notice of breach dated April 1, 1970, and filed April 7, 1970, enumerates the following defaults:

"1. Payment of the installment of the principal and interest on the note of August 26, 1965, due on April 1, 1970 and all subsequent installments of principal and interest due since April 1, 1970.

"2. A default in payment of the sum of $10,500.00 plus interest at 7% per annum from October 18, 1967 evidenced by promissory note dated February 2, 1967, in the original amount of $11,500.00 executed by Trustor Joseph P. Lomanto and payable to said Beneficiary on demand, and if no demand then on August 1, 1967.

"3. A default in the payment of $5,500.00 plus interest of 7% per annum from February 3, 1968, evidenced by promissory note dated May 29, 1967, payable to Beneficiary on demand and if no demand then on August 1 1967, the balance whereof is now $899.71."

The complaint alleged that Bank claims, and the Lomantos deny, Bank acquired security rights in the subject property because of the after-incurred

indebtedness evidenced by the two promissory notes; the deed of trust, with all the conditions added to and included therein, was on a printed form prepared by defendants; the clause upon which defendants rely was set forth therein in type too small for the average reader to see; it was crowded in with numerous other conditions and modified by so many clauses that only after the most careful and intensive study could it be understood.

It alleged that Bank did not direct the attention of the Lomantos to this clause or its legal and practical effects as interpreted by Bank, and at no time did the Lomantos understand and agree to the terms of the clause; Bank failed to explain its interpretation of the numerous terms and conditions in the deed of trust, but presented the deed to the Lomantos merely as a routine matter of business for their signatures; the Lomantos did not know that the deed of trust included anything more than the immediate transaction, the securing of the $11,500 loan, and the giving of the property described in the deed as security.

The April 1, 1970 payment on the August 26, 1965, note was tendered on the due date to Bank at its El Centro branch.

Plaintiffs state their contentions on appeal as follows:

1. Declaratory relief is the only appropriate remedy available.

2. The trial court cannot determine before trial that parol evidence is not admissible because the imperfection of the writing was raised in the pleadings; therefore, even though the evidence at trial may not sustain a finding of fraud, this may not be determined prior to trial.

3. Notwithstanding the determination on the issue of fraud, Mrs. Lomanto has a justiciable claim.

We dispose first of the claim made by Bank that the demurrer might be sustained on the ground declaratory relief is not a proper remedy.

The trial court may refuse to grant declaratory relief where another remedy is available (*Adams* v. *County of San Joaquin,* 162 Cal.App.2d 271 [328 P.2d 250]) and may exercise the discretion to refuse declaratory relief under Code of Civil Procedure section 1061[1] by sustaining a demurrer. (*Moss* v. *Moss,* 20 Cal.2d 640 [128 P.2d 526, 141 A.L.R. 1422].) However, where other remedies are not suitable and the complaint discloses a justiciable controversy, declaratory relief is the proper action. (*LaHue* v. *Dougherty,* 34 Cal.2d 1 [206 P.2d 640].)

---

[1]"The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." (Code Civ. Proc., § 1061.)

The present case is one involving rights and duties of the parties under a deed or instrument in writing. The time was ripe for such a declaration, inasmuch as Bank's proceedings for foreclosure under the trust deed were not by court action. Declaratory relief was granted to resolve a related problem in *Gates* v. *Crocker-Anglo Nat. Bk.*, 257 Cal.App.2d 857 [65 Cal.Rptr. 536].

The sustaining of the demurrer, therefore, as to both plaintiffs may not be sustained as an exercise of the court's discretion under Code of Civil Procedure section 1061.

■ Joseph executed the two notes of February 2 and May 29, 1967, and no doubt received money to the amount they represent. He would find it difficult to explain why he would think Bank would lend him $11,500 on his unsecured note of hand in 1967 and an additional $5,500 in the same manner, when in 1965 Bank required security for a loan of $11,500, which was still unpaid. If he alone were involved, we should have no hesitation in holding there was no abuse of discretion in sustaining the demurrer without leave to amend.

The trust deed contract on a printed form prepared by Bank is of the type classed as a contract of adhesion.

■ "The term refers to a standardized contract prepared entirely by one party to the transaction for the acceptance of the other; such a contract due to the disparity in bargaining power between the draftsman and the second party must be accepted or rejected by the second party on a 'take it or leave it' basis without opportunity for bargaining and under such conditions that the 'adherer' cannot obtain the desired product or service save by acquiescing in the form agreement." (*Steven* v. *Fidelity & Casualty Co.*, 58 Cal.2d 862, 882 [27 Cal.Rptr. 172, 377 P.2d 284].) (See also *Hamilton* v. *Stockton Unified Sch. Dist.*, 245 Cal.App.2d 944, 951 [54 Cal.Rptr. 463]; *Gray* v. *Zurich Insurance Co.*, 65 Cal.2d 263 [54 Cal.Rptr. 104, 419 P.2d 168]; *Schmidt* v. *Pacific Mut. Life Ins. Co.*, 268 Cal.App.2d 735 [74 Cal.Rptr. 367].)

■ There is, however, no apparent ambiguity in the language used. Nor do the facts allow an application of the rule declared in *Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.*, 69 Cal.2d 33 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373], permitting the introduction of parol evidence to show from the circumstances surrounding the transaction that in the language used there is a latent ambiguity which might be resolved by parol evidence as to the understanding and intention of the parties as to that language.

Here the plaintiffs claim they were not aware of the presence of the language complained of.

Plaintiffs speak of the failure of Bank to call their attention to the questioned provision, and the presenting of the trust deed as a routine matter, as a species of fraud. Thereby they assume Bank had a duty to call their attention to the provision. We cannot say as a matter of law there was such a duty. If the provision is in the usual form of a trust deed, there was no such duty.

The plaintiffs did not allege that the clause in question was an unusual provision in a deed of trust, but such is the assumption underlying their attempt to state a cause of action.

The length of time elapsing from the date of execution of the note and trust deed to the date of recording, which followed the due date of the first monthly installment on the note, permits an inference there was an escrow in which the note and trust deed had been held subject to issuance of a policy of title insurance and in accordance with written escrow instructions.

We believe we may take judicial notice of general business practice to have such escrow instructions provide for delivery of a trust deed in usual form. If such were the fact in the case at bench, an opportunity to amend to allege such fact should be permitted.

Whether the questioned clause is a usual provision in a deed of trust or mortgage is the nub of the case. It cannot be said as a matter of law that the specific clause is a usual provision, although we may take judicial notice that some provision for securing future advances is not unusual in a printed form of trust deed, but not all printed forms contain such provisions.

Those provisions take various forms.[2] In *Gates* v. *Crocker-Anglo Nat. Bk., supra,* 257 Cal.App.2d 857, 858, the trust deed was given to secure a specific note and " 'the payment of all other moneys and indebtedness now and hereafter due or owing from Trustor or any of them to Beneficiary. . . .' "

In *Pike* v. *Tuttle,* 18 Cal.App.3d 746, 749 [96 Cal.Rptr. 403], the trust deed secured a certain note and " '. . . additional sums and interest thereon which may hereafter be loaned to the Trustor or his successors or

---

[2]Typical clauses are to secure: "the payment of any money that may be advanced by the Beneficiary to Trustor, or his successors . . . " and "Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured."

assigns by the Beneficiary, . . . if made to the Trustor while he is the owner of record of his present interest in said property, or to his successors or assigns while they are the owners of record thereof, . . . evidenced by a promissory note reciting that it is secured by this Deed of Trust.' "

The court in *Gates* v. *Crocker-Anglo Nat. Bk., supra*, 257 Cal.App.2d 857, held that the quoted clause did not bind the interest of one of two owners and makers of the trust deed for a preexisting debt of the other owner to the beneficiary. In the decision in that case the court considered as one of the elements that there was "no evidence that the parties discussed the clause or knew it was included in the printed deed of trust form." In doing so, the court distinguished *Langerman* v. *Puritan Dining Room Co.*, 21 Cal.App. 637 [132 P. 617] saying of that case at page 861: "[T]here was ample evidence in that case that the parties had expressly understood and agreed, at the time the mortgage was executed, that it was to stand as security for future advances."

We think there is a question of fact whether in a printed form such a clause that would permit one of several trustors to encumber further the interest of a co-owner is within the usual form of a trust deed, so that the attention of the intended maker of the trust deed need not be directed to it either orally, by print of a distinctive size, or, as is sometimes done with a clause permitting acceleration in the event of an unauthorized conveyance, by placing it in a box with heavy borders.

The complaint fails to allege who were owners of the property when the trust deed was executed. We assume for the purposes of this appeal that husband and wife were co-owners. If that is so, and if the complaint may be amended to show the trust deed was to have been in usual form and that Mrs. Lomanto was ignorant of the presence of the questioned clause in the trust deed, leave to amend should be given. We do not hereby attempt to declare what will be sufficient to state a cause of action.

The judgment is affirmed as to Joseph P. Lomanto; as to Isabelle T. Lomanto it is reversed with directions to the trial court to permit her to amend if she chooses to do so.

Ault, J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.