Opinion
COHN, J.
The case was heard on April 20, 1976, in the Municipal Court, Central Judicial District, County of San Mateo. Motion for a nonsuit was granted at the close of plaintiff’s case.
The facts presented in this case are essentially undisputed. Appellant was employed by respondent, Dick Bullís, Inc., as an automobile salesperson. Compensation was based upon commissions earned plus a $500 a month draw. One of the terms of the employment contract read as *Supp. 55 follows: “No commissions, bonuses, or contest prizes will be payable to a salesman under any conditions for any unit not actually physically delivered and licensed prior to termination of employment.” Appellant voluntarily terminated her employment with respondent before the delivery of seven vehicles which she had “sold.” She was accordingly denied any commissions for these sales.
Appellant maintains that the agreement in the employment contract denying a salesman commissions for vehicles not physically delivered prior to termination of employment is void and unenforceable as a contract of adhesion, as a disfavored forfeiture, and as a penalty provision, and void under the authority of Civil Code sections 1670 and 1671.
The respondent, relying mainly on Commeford v. Baker (1954) 127 Cal.App.2d 111 [273 P.2d 321], maintains that an employee’s right to compensation is controlled by the terms of the employment agreement and that appellant was entitled to commissions only if the orders were delivered prior to the employee’s termination of employment.
At the close of plaintiffs case, the trial court relying upon the elicited testimony and the case of Commeford v. Baker, 127 Cal.App.2d 111, supra, granted a nonsuit.
In Commeford v. Baker, supra, the court in directing a retrial declared that the right to commissions on goods ordered but not delivered was dependent upon the employment agreement, stating that: “Of course, the right of a salesman or any other person to commissions under given circumstances depends upon the terms of his contract for compensation.” (Italics added.)
It is fundamental that the judgment of the trial court must be affirmed if substantial evidence supports the findings. (Rodriguez v. North American Rockwell Corp. (1972) 28 Cal.App.3d 441, 446 [104 Cal.Rptr. 678].)
Furthermore, the evidence must be viewed in the light most favorable to the party prevailing in the trial court and all reasonable inferences therefrom must be drawn in support of the findings. (Miller v. Los Angeles County Flood Control Dist. (1973) 8 Cal.3d 689 [106 Cal.Rptr. 1, 505 P.2d 193].)
*Supp. 56 The issue then becomes whether the judgment was supported by any competent and substantial evidence. (Guttman v. Howard Homes, Inc. (1966) 241 Cal.App.2d 616 [50 Cal.Rptr. 769].)
In addition to relying on Commeford, making findings of fact, the trial court heard unrefuted evidence that a salesperson did not “earn” his commission until after the automobile was delivered to defendant’s lot and sold to the customer because a mere order for an automobile may be cancelled. In addition, the salesperson had post-order duties, such as test driving the car, explaining the warranty and service programs, and generally assisting the customer in any way. Thus, in addition to actually reviewing the contract between the parties, the court heard evidence of the substantial post-order duties which a salesperson was required to perform to properly effectuate a sale.
The next issue is was the contract between the parties a contract of adhesion and, thereby, unenforceable?
The relevant portion of the employment agreement reads as follows: “No commission, bonuses or contest prizes shall be payable to a salesman under any conditions for any unit not actually delivered and licensed prior to termination of employment.”
A contract of adhesion is a theory which is a basis for modifying or nullifying harsh terms which defeat the reasonable expectations of the parties. (Player v. Geo. M. Brewster & Son, Inc. (1971) 18 Cal.App.3d 526, 533 [96 Cal.Rptr. 149].) According to Within, a contract of adhesion has been defined as a “standardized contract, which imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it . . . .” (1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 13, p. 35.)
Adhesion contracts are valid contracts and, in the absence of ambiguity, are enforced according to their terms. Schmidt v. Pacific Mut. Life Ins. Co. (1969) 268 Cal.App.2d 735 [74 Cal.Rptr. 367].
If a contract of adhesion is found to be ambiguous, the same rules of construction are applied as to other contracts—for example, any ambiguity is to be resolved against the drafter.
It is clear, however, that if the provisions of a contract are not ambiguous, it is the duty of the court to enforce the contract as written *Supp. 57 and agreed upon by the parties. (Lomanto v. Bank of America (1972) 22 Cal.App.3d 663 [99 Cal.Rptr. 442].)
In the instant case, the contract term in issue is free from ambiguity. Thus, the right of the salesman to commissions is dependent upon the terms of his contract for compensation. (Commeford v. Baker, supra, 127 Cal.App.2d 111.) Also, since there is no ambiguity in the language used, the facts do not allow the introduction of parol evidence to show there is a latent ambiguity which might be resolved by parol evidence as to the understanding and intention of the parties. (Pacific Gas & E. Co. v. G. W. Thomas Drayage etc. Co. (1969) 69 Cal.2d 33 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373].)
We next examine the problem of whether the contract provision under consideration is a void penalty provision or a disfavored forfeiture.
The case of Powis v. Moore Machinery Co. (1945) 72 Cal.App.2d 344 [164 P.2d 822], seems dispositive of both of these questions. In that case, the court considered an employment agreement that stated that a salesman would receive his commissions when goods were delivered and paid for, and that, if a salesman ceased to be employed for any reason except illness, death, or discharge for good cause before goods were delivered and paid for, the salesman’s commissions would be reduced by one-half.
The court held first that the agreement was not void or invalid on the theory that the provision was for liquidated damages. Plaintiffs duties included not only the initial selling of the machinery, tools and equipment but also the follow-up services to be performed after delivery by the manufacturer, of invoicing the customers for the selling price, supervising the installation of the machinery and instructing the customer as to its use. Thus, plaintiff was not being deprived of any sums which he had already earned since it related in part to services to be performed in the future. The agreement could be terminated at any time by either party without breaching the contract. There would be no damages to fix. (Ibid., p. 354. See also Blank v. Borden (1974) 11 Cal.3d 963 [115 Cal.Rptr. 31, 524 P.2d 127].)
The court further held that it was not illegal to provide that commissions would be paid when and if goods were delivered and paid for. Plaintiff was free to accept or reject these terms of employment. Undoubtedly, it was a motive of defendant in placing that provision in *Supp. 58 the contract to create an incentive for plaintiff to remain with the company. (Ibid.)
The modern trend of the law is to favor the enforcement of contracts and to carry out the intentions of the parties if this can feasibly be done. (Burrow v. Timmsen (1963) 223 Cal.App.2d 283, 288 [35 Cal.Rptr. 668, 100 A.L.R.2d 544].) With respect to employment contracts in Wise v. Reeve Electronics, Inc., 183 Cal.App.2d 4, 6 [6 Cal.Rptr. 587], the court stated that the right , to commissions depends upon the terms of the contract for compensation.
“The right of a broker to recover commission must be measured primarily by the terms of his employment.” (Hodges v. Lewis (1952) 112 Cal.App.2d 526 [246 P.2d 676].)
Similar to the salesman in Powis, the salesperson in the instant case had duties to be performed after delivery of the vehicle. She had to be certain that the car was in good condition; she had to test drive the car; she had to supervise the customers’ signing of papers, etc. In addition, there was the further possibility that a customer would ultimately reject a vehicle that he had ordered. Appellant was free to accept or reject employment with respondent. In fact, she was employed by respondent company on two separate occasions under the same type of compensation arrangement. There was no breach of contract. Either party could terminate the agreement at any time.
Finally, even if the provisions were to be regarded as a forfeiture, it would not be invalid. Contracts are construed strictly against forfeitures or as liberally as possible to prevent them. (Cantlay and Tanzola, Inc. v. Ingels (1939) 31 Cal.App.2d 553 [88 P.2d 141].) Civil Code section 1442 provides that “A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created.” However, where intent is clear and the terms of a contract are unambiguous, the forfeiture will be upheld. (Universal Sales Corp. v. Cal. etc. Mfg. Co. (1942) 20 Cal.2d 751 [128 P.2d 665]; Alamo School Dist. v. Jones (1960) 182 Cal.App.2d 180 [6 Cal.Rptr. 272].)
The judgment is affirmed.
Rose, P. J., and Hartley, J., concurred.