**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHEVRON U.S.A. INC., a corporation, | No. 10-56305 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:07-cv-04451-PSG-AGR |
| v. | |
| FRYDOUN SHEIKHPOUR, | MEMORANDUM[*] |
| Defendant-counter-claimant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 9, 2012
Pasadena, California

Before: D.W. NELSON, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Chevron U.S.A. Inc. brought a complaint against Frydoun Sheikhpour

seeking damages under the Petroleum Marketing Practices Act.  The parties settled

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

that dispute with a Settlement Agreement.  Sheikhpour now appeals the district court's order granting Chevron's motion to enforce the Settlement Agreement.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.      The district court retained ancillary jurisdiction to hear Chevron's motion to enforce the amended Settlement Agreement.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) ("Even when . . . the dismissal is [a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)] (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to . . . retain jurisdiction over the settlement contract[] if the parties agree.").  The parties settled the underlying dispute on the eve of trial.  While the terms of the Settlement Agreement were not memorialized at the time the court retained jurisdiction, the essence of the agreement was provided to the district court at that time.  Despite the lack of a formal signed agreement, the district court requested that the parties allow the court to (1) dismiss the case and (2) retain jurisdiction to enforce the settlement.  Both parties agreed to the court's request.  The district court then

---

[1] Sheikhpour filed a Motion for Judicial Notice, seeking to submit a June 17, 2010 letter about the Manhattan Beach property from the California Regional Water Quality Control Board.  We deny the motion.  Given the language in the Settlement Agreement, the letter is not relevant to this appeal.

dismissed the case and entered a Minute Order "'retaining jurisdiction' over the settlement agreement," *See Kokkonen*, 511 U.S. at 381. The fact that the Settlement Agreement was thereafter memorialized and subsequently amended is of no matter. At the court's request, the parties expressly agreed that the court retain jurisdiction.

Sheikhpour argues that the parties did not intend the court to retain jurisdiction when the Settlement Agreement was memorialized, because the Settlement Agreement did not provide for the court to retain jurisdiction and the contract contained an integration clause. We know no authority that suggests that the ancillary jurisdiction of a court depends upon the parties' intent. *Cf. Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993) (holding that "[a] federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent.").

2. The district court concluded that Chevron was not obligated under the Settlement Agreement to comply with the "Conditions of the Property" section of the Manhattan Beach Purchase and Sale Agreement (PSA). The Settlement Agreement only incorporated the non-conflicting terms of the PSA. The Settlement Agreement specifically said:

3

> Mr. Sheikhpour expressly acknowledges, understands and agrees that no further extension to complete the Reconstruct Obligations beyond the Final Completion Deadline shall be requested by him or allowed by Chevron, and that no contingency preventing Mr. Sheikhpour from completing the Reconstruct Obligations on or before the Final Completion Deadline, *whether within or outside his reasonable control, whether foreseen or unforeseen, or whether due to acts of God*, shall constitute a basis for excusing the timely completion of the Reconstruct Obligations by or before the Final Completion Deadline.

This language expressly conflicts with the contingencies allowed in the PSA and/or with Sheikhpour's argument that Chevron had obligations to comply with the "Conditions of Property" section of the PSA. Thus, based upon the clear language of the Settlement Agreement, the district court did not abuse its discretion in concluding that Chevron could enforce the terms of the Settlement Agreement.

Sheikhpour also argues he was precluded from complying with the completion deadline based upon Chevron's alleged failure to comply with the PSA. We disagree. The record does not support the assertion that Chevron's independent obligations under the PSA prevented Sheikhpour from completing the reconstruction by the agreed upon deadline. *See Verdier v. Verdier*, 284 P.2d 94, 100 (Cal. Ct. App. 1955) ("If the covenants are independent, breach of one does not excuse performance of the other."); *see also Helzel v. Superior Court*, 176 Cal. Rptr. 740, 745 (Ct. App. 1981) ("As a general rule of contract construction conditions precedent are not favored and an agreement will be strictly construed

4

against a party asserting that its provisions impose a condition precedent."). We will not contradict the language of Settlement Agreement, that does not provide a concurrent obligation for Chevron.

3.     The district court did not err in enforcing the option to purchase provision of the Settlement Agreement. While California law disfavors forfeitures, "[a] forfeiture stipulated in a contract will be enforced if the rights of the parties cannot otherwise be preserved." *McPherson v. Empire Gas & Fuel Co.*, 10 P.2d 146, 148 (Cal. Ct. App. 1932) (internal quotation marks omitted); *see also Div. of Labor Standards Enforcement v. Dick Bullis, Inc.*, 140 Cal. Rptr. 267, 270 (Ct. App. 1977) ("[W]here intent is clear and the terms of a contract are unambiguous, the forfeiture will be upheld."). Additionally, the forfeiture penalty should bear some rational relationship to its purpose. *Hill v. Hearron*, 249 P.2d 54, 57 (Cal. Ct. App. 1952).

Sheikhpour entered into five separate contracts with Chevron in 2003. Sheikhpour sold three of the five contracts to third parties, leaving the South Pasadena and Manhattan Beach properties the sole properties under the PSA. Chevron sued Sheikhpour over those properties. In the Settlement Agreement, the parties (assisted by counsel) dissolved the franchise agreement with regard to the South Pasadena property, allowing Sheikhpour to retain the property (depriving

5

Chevron of its option to repurchase that property). The parties also agreed that Chevron would retain the option to repurchase the Manhattan Beach property if Sheikhpour failed to complete the project by the agreed upon deadline. The Settlement Agreement states:

> In the event Mr. Sheikhpour fails to complete the Reconstruct Obligations by the Final Completion Deadline[, March 31, 2010] . . . Chevron shall have the uncontested right and Option to Repurchase the Manhattan Beach Property, together with all the buildings and improvements located thereon, at the price paid by Mr. Sheikhpour for the property as stated in the Manhattan Beach [PSA] . . . .

Therefore, the rights of the parties cannot be preserved without enforcing the parties' agreement. The Settlement Agreement evidences the rational relationship of its remedy.

**AFFIRMED.**