**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HOPE ROAD MERCHANDISING LLC, a Florida limited liability company; FIFTY-SIX HOPE ROAD MUSIC LIMITED, a Bahamian corporation, | No.    17-56245 |
| | D.C. No. 2:16-cv-05810-SVW-MRW |
| Plaintiffs-counter-defendants-Appellees, | |
| | MEMORANDUM* |
| v. | |
| JAMMIN JAVA CORPORATION, a Nevada corporation, | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 6, 2018
Pasadena, California

Before:  TASHIMA and WARDLAW, Circuit Judges, and PRATT,** District
Judge.

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The Honorable Robert W. Pratt, United States District Judge for the
Southern District of Iowa, sitting by designation.

Jammin Java Corporation (Jammin Java) appeals the district court's grant of partial summary judgment in favor of Hope Road Merchandising LLC and Fifty-Six Hope Road Music Limited (56 HR) (collectively Hope Road) and damages award of $2,458,835.20 for trademark infringement. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.     Jammin Java asserts that the district court erred as a matter of law in concluding that the written provisions of the Long Term License Agreement (Agreement) precluded its defenses of oral modification, waiver, and equitable estoppel. Jammin Java is correct that under California contract law oral modification, waiver, and equitable estoppel defenses may be asserted despite contractual provisions prohibiting oral waiver or oral modifications. *See, e.g.*, Cal. Civ. Code § 1698(d) (addressing oral modification, waiver, and estoppel); *MacIsaac & Menke Co. v. Cardox Corp.*, 14 Cal. Rptr. 523, 528 (Dist. Ct. App. 1961) (addressing oral modification); *Golden Gate Motor Transp. Co. v. Great Am. Indem. Co.*, 6 Cal. 2d 439, 447–48 (1936) (addressing waiver). However, we may affirm the district court's grant of partial summary judgment on any basis properly supported by the record, *DeNardo v. Murphy*, 781 F.2d 1345, 1347 (9th Cir. 1986).

Here, the record demonstrates that Jammin Java breached the Agreement. Both the adverse action taken by the Securities and Exchange Commission against

2

Jammin Java and Jammin Java's failure to provide "Quarterly Statements" and "Annual Statements" to 56 HR as required by the Agreement constitute material breaches. 56 HR provided written notice of these breaches, which went uncured, satisfying the Agreement's procedural requirements for termination. Because these breaches of the Agreement are unaffected by Jammin Java's claims of waiver, oral modification, and estoppel,[1] the district court properly granted summary judgment in favor of Hope Road on its breach of contract claim.

2.　　Jammin Java also contends that the district court erred by enforcing the Agreement's requirement of written notice of breach, as that provision is a disfavored forfeiture clause under California contract law. However, even assuming that the written notice provision is a forfeiture clause under California contract law, such a clause will be upheld where it is unambiguous and its intent is clear. *Div. of Labor Standards Enf't v. Dick Bullis, Inc.*, 140 Cal. Rptr. 267, 270 (App. Dep't Super. Ct. 1977); *ABI, Inc. v. City of L.A.*, 200 Cal. Rptr. 563, 570–71 (Ct. App. 1984). Here, the written notice provision unambiguously sets out the procedure through which Jammin Java could terminate the Agreement.[2] Moreover,

---

[1] Jammin Java alleges that the parties waived and orally modified the royalty fee payment schedule outlined in the Agreement. Jammin Java does not allege that the parties waived or orally modified any other term of the Agreement.

[2] In particular, the Agreement stated that Jammin Java could suspend its performance or terminate the Agreement if it provided written notice to 56 HR of

3

the intent of the provision is clear: to give the party allegedly in breach notice and an opportunity to cure the breach without terminating the Agreement. Because the language of the written notice provision is unambiguous, and its intent is clear, the district court properly enforced this provision against Jammin Java.

3. Finally, Jammin Java argues that the district court erred in awarding profits during the infringing period to Hope Road as a measure of Hope Road's damages under 15 U.S.C. § 1117(a). In particular, Jammin Java contends that the district court erred in awarding its profits without first finding willful infringement of Hope Road's trademarks. But a finding of willful trademark infringement is not necessary where a "plaintiff seeks the defendant's profits as a measure of [its] own damage[s]." *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 988 (9th Cir. 1995). Here, the record demonstrates, and the district court correctly found, that Jammin Java's unauthorized use of the Marley Coffee trademarks precluded Hope Road's use of the same marks during the infringing period. Moreover, Jammin Java failed to submit any evidence of costs or deductions associated with the trademarks, as it was required to do if it sought an offset against the amount of profits awarded. 15 U.S.C. § 1117(a); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1408 (9th Cir. 1993), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power*

breach, and such a breach was not cured within thirty business days of 56 HR's receipt of written notice.

4

*Co.*, 839 F.3d 1179 (9th Cir. 2016).  Because Jammin Java's profits during the infringing period were a reasonable measure of Hope Road's damages, the district court did not err in awarding damages in the amount of $2,458,835.20 to Hope Road.  *See Lindy Pen*, 982 F.2d at 1407–08.

**AFFIRMED.**